## UNITED STATES v. ONE 1938 MODEL CHEVROLET COACH, MOTOR NO. 1427089, WEST CHEVROLET CO.

### No. 9266.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1939.

986

Jim C. Smith, U. S. Atty., and Jack H. McGuire, Asst. U. S. Atty., both of Birmingham, Ala., for appellant.

Clarence H. Mullins, of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought for the remission of a forfeiture under the provisions of the Liquor Law Repeal and Enforcement Act, 27 U.S.C.A. § 40a.

The West Chevrolet Company is an automobile sales concern doing business in Piedmont, Alabama. On April 26, 1938, Lawrence O'Kelley, a resident of Anniston, Alabama, purchased a 1938 Model Chevrolet Coach from this concern. O'-Kelley traded in a used car as down payment and represented to West that the car was his property. As a matter of fact the used car belonged to one Marshall Gee who had a reputation for violating the liquor laws. O'Kelley had no record or reputation for liquor law violations.

Marshall Gee was with O'Kelley when the used car was traded in and he made no statement or claim that he had an interest in the automobile. West had no reason to believe that Gee had an interest in it. The dealer investigated the purchaser, O'Kelley, and the credit reporting agency in Anniston reported that he "was a little slow as to credit", and that he had no record or reputation as a liquor law violator.

West knew that the automobile was to be used in the taxi business. For this reason and the fact that the purchaser was rated as being slow pay, he stated to O'-Kelley that the company would like to have additional security for its conditional sales agreement. Mr. West asked O'-Kelley's companion, Gee, whom he did not know, if he would sign the papers as surety or endorser. Gee agreed and thereupon signed the papers on their face.

Later the car was seized and forfeited for the transportation of non-tax paid liquor in violation of Section 3450 of the Revised Statutes of the United States, 26 U. S.C.A. §§ 1156, 1441. The District Court allowed the claim of West Chevrolet Company for remission of the forfeiture. The government opposed the remission and here contends that the claimant had no

right to remission under the statute, 27 U. S.C.A. § 40a (b) (3), for the reason that Gee was a well known liquor law violator and had not been investigated as required by law.

The case was tried by the court without a jury. The judge had the witnesses before him and was able to determine their credibility. We think the evidence ample to sustain his finding that the conditions of Section 40a were met by the claimant. When a claimant in a remission suit meets the burden of proof imposed by the statute, the court may in the exercise of its sound discretion allow remission. If a claimant has been negligent, or in good conscience ought not to be relieved, the court should deny his application. "Subsection (b) (3) was intended to prevent remission to a claimant who had failed to inquire when he should have done so, to one chargeable with willful negligence or purpose of fraud." United States v. One 1936 Model Ford V-8 De Luxe Coach, Commercial Credit Company, Claimant, 307 U.S. 219, 226, 237, 59 S.Ct. 861, 870, 83 L.Ed. 1249.

The seller here made a careful investigation of O'Kelley. His record was good and it was not incumbent upon the dealer to seek information as to Gee. The court did not abuse its discretion and the judgment of remission must stand. United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498; C. I. T. Corporation v. United States, 4 Cir., 86 F.2d 311.

The judgment is affirmed.