## BEAUDRY v. UNITED STATES.

No. 9181.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1939.

R. Emerson Gardner, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

With unquestioned sincerity, with a persistence and indomitableness, apparently invincible, and with varying vicissitudes, the appellant Beaudry, a dealer in automobiles, has through three trials and three

appeals,[1] including this one, pursued a Ford automobile, seized by the Government for forfeiture under the Revised Statutes, Section 3450, 26 U.S.C.A. §§ 1156, 1441. Matching him in sincerity and persistence, and victor below on the claim for remission, the Government meets him in the lists, on this his third appeal, opposing thrust for thrust, and blow for blow. This derring do, this stubbornness of attack and defense, have imparted to and invested the cause with a dignity and importance, wholly out of proportion to the value of the Ford car involved. Sensitive to, if not sensible of, appellant's claim that the judgment of the trial court in rejecting his claim was an abuse of discretion, we have subjected the record to the most careful scrutiny in the light of the opposing claims.

These are the facts, simple and without dispute. One Yeager, as agent for appellant, selling automobiles for him on commission, colluded with one Karr, a known violator, to sell him a car in the name of one E. E. Harper, a person without record or reputation, of violating the liquor laws.

Pursuant to this collusion, which was without the knowledge of Harper, and also of appellant, except as the knowledge of Yeager as his agent was imputed to him, the papers were made out in the name of, the car was ostensibly sold to E. E. Harper, and his signature was forged.

■ The District Judge concluding that the knowledge and actions of Yeager, as appellant's agent, were imputed to his principal, and that appellant's personal innocence, and his ignorance of the fraud and forgery were entirely immaterial, denied both remission and mitigation of the forfeiture. In United States v. Automobile Financing Co., 5 Cir., 99 F.2d 498, affirmed United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and in United States v. One 1938 Chevrolet Model, 5 Cir., 106 F.2d 985, we have made it clear that while the District Judge may, he is not compelled to, exercise his discretion in remitting a forfeiture, even where the minimum statutory conditions are complied with, if there are facts and circumstances which give an unsatisfactory color or character to the transaction, and that it would be only in the most extreme case that his discretion in refusing or granting a remission would be reviewed.

Appellant is fully mindful of these authorities and the principles they announce. He seeks to avoid their effect, or rather to bring himself within them, by the insistence that the District Judge did not exercise a just discretion, in fact, exercised no discretion at all, but applying a principle without application here, he denied the relief upon the ground of the appellant's imputed knowledge. Citing Mutual Life Insurance Co. of New York v. L. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202; Hodgson v. Hart et al., 165 Ga. 882, 887, 142 S.E. 267; Ohio Millers' Mutual Insurance Co. v. Artesia State Bank, 5 Cir., 39 F.2d 400, 420, appellant is here insisting that the case the facts make is one for the application, not of the principle of imputed knowledge, but of the exception to it, in that here, the agent was acting not in the interest of his principal, but adversely to, and in fraud, of him.

■ This will not do. Though improperly, and as it turned out, mistakenly, Yeager was acting in the interest of and not adversely to, his principal. The sale he made was intended by him to be, and if his scheme had worked out it would have been to his principal's benefit. The fact that the desire to get a commission may have induced him to take a chance, which but for it he would not have taken, in no manner characterizes his action as against, rather than in, his principal's interest, within the rule appellant invokes. Here, his every action, misguided and mistaken though it was, was intended for his principal's benefit. The rule to be applied here, where appellant has delivered the car and has taken the benefit of his agent's acts in making the sale, by taking its proceeds, is, that he cannot take the benefits of the act, without also taking the burdens resulting from the agent's knowledge and intentions. Curtis Collins & Holbrook Co. v. United States, 262 U.S. 215, 43 S.Ct. 570, 67 L.Ed. 956; Morris v. Georgia Loan Co., 109 Ga. 12, 34 S.E. 378, 46 L.R.A. 506; Connecticut Fire Insurance Co. v. Commercial National Bank of San Antonio, 5 Cir., 87 F.2d 968.

■ Under the undisputed facts in this case, there was no abuse of discretion in

[1] The first resulted in a judgment of forfeiture—Beaudry v. United States, 5 Cir., 79 F.2d 650. The second in a judgment sustaining his right to make claim for remission, 5 Cir., 92 F.2d 687.

refusing the remission. Indeed, there was no discretion to do otherwise, for, with Yeager's knowledge imputed to appellant, the case falls entirely outside of the minimum statutory conditions under which a court may exercise its discretion to grant or refuse mitigation or remission of forfeiture.

The judgment is affirmed.