Counsel will submit order in accordance herewith.

## UNITED STATES v. ONE 1949 MERCURY TUDOR SEDAN AUTOMOBILE, MOTOR NUMBER 9-CM-129357.

### Civ. No. 964.

United States District Court
W. D. South Carolina, Anderson Division.
Nov. 16, 1949.

2. Sappington v. Prencipe, D.C., 87 F. Supp. 357; Uarte v. United States, D.C. Cal.1948, 7 F.R.D. 705; Drummond v. United States, D.C.Va.1948, 78 F.Supp. 730; Donovan v. McKenna, D.C.Mass. 1948, 80 F.Supp. 690.

3. Englehardt v. United States, D.C.Md. 1947, 69 F.Supp. 451; Dickens v. Jackson, D.C.E.D.N.Y.1947, 71 F.Supp. 753; Bullock v. United States, D.C.N.J.1947, 72 F.Supp. 445.

Oscar H. Doyle, United States Attorney, Anderson, S. C., Walter H. Hood, Assistant United States Attorney, Greenville, S. C., for plaintiff.

Leatherwood & Walker, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This action having been tried by the Court without a jury, the Court hereby makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

(1) On December 30, 1948, Homer Franklin Davis purchased the defendant motor vehicle from Traver Motor Company, of Greenville, South Carolina, giving to Traver Motor Company a mortgage thereon to secure the payment of the unpaid purchase price.

(2) On December 30, 1948, Traver Motor Company, for value, assigned and sold this chattel mortgage to the claimant, Auto Finance Company, of Greenville, S. C., and there is now due thereon an unpaid balance of $1,723.80. This mortgage has not been recorded.

(3) On April 5, 1949, Homer Franklin Davis was arrested in Pickens County, S. C., while in possession of the defendant motor vehicle, which had deposited and concealed therein 26 gallons of untaxpaid whiskey with intent to defraud the United States of the tax imposed on such whiskey.

(4) On May 31, 1949, said Homer Franklin Davis pleaded guilty in this Court to an indictment charging him with removing and concealing such 26 gallons of untaxpaid spirits, in violation of Title 26 U.S.C.A. § 2913.

(5) Homer Franklin Davis pleaded guilty in this Court on November 23, 1943, to an indictment charging him with removing and concealing 80 gallons of untaxpaid spirits, in violation of Title 26 U.S.C.A. § 2913.

(6) Homer Franklin Davis pleaded guilty in this Court on November 22, 1938, to an indictment charging him with carrying on the business of a distiller without having given bond, with having in his possession an unregistered distillery, and with unlawfully working in a distillery, in violation of Title 26 U.S.C.A. §§ 2810, 2832, 2833.

(7) Homer Franklin Davis has had a reputation for violating State and Federal laws relating to liquor for a period of time extending back as long ago as ten years in Pickens and Greenville Counties, South Carolina.

(8) Claimant, Auto Finance Company, did not make any inquiry of any law enforcement officer at any place or locality as to the record or reputation of Homer Franklin Davis for violating liquor laws in connection with, or in contemplation of, purchasing from Traver Motor Company the chattel mortgage given to it by Homer Franklin Davis on December 30, 1948.

(9) In November, 1946, Auto Finance Company, through its agent, The Credit Bureau, Inc., of Greenville, South Carolina, made inquiry by telephone at the headquarters of the Chief of Police of the City of Greenville, South Carolina, and at the headquarters of the Sheriff of Greenville County, South Carolina, as to whether or not Homer Franklin Davis had a record or reputation for violating laws of the United States or of the State of South Carolina relating to liquor and was informed by an unknown person at each of such headquarters that he had no such record or reputation. This inquiry was not made in connection with, or in contemplation of, the purchase from Traver Motor Company on

December 30, 1948, of the chattel mortgage given by Homer Franklin Davis to Traver Motor Company on December 30, 1948, but was made in connection with a contemplated transaction of that date, that is, November, 1946.

(10) Homer Franklin Davis became a customer or creditor of Auto Finance Company, of Greenville, S. C., in November, 1946, and continued to be such thereafter and was considered a good customer by Auto Finance Company.

(11) In addition to the inquiry made as set forth in Finding Number 9, and at the same time, that is, November, 1946, claimant through its agent, the Credit Bureau, Inc., of Greenville, S. C., made inquiry of a Mr. Maxey in the locality of Piedmont, South Carolina, as to the financial standing and character of Homer Franklin Davis, receiving a favorable answer, but made no inquiry of any law enforcement officer in the locality of Piedmont as to whether Davis had a record or reputation for violating laws of the United States or of South Carolina relating to liquor. Piedmont, South Carolina, was the locality near which Homer Franklin Davis then lived and is a textile community with a population of several thousand people, about ten miles west of Greenville, South Carolina, on the Saluda River, and such community had a law enforcement officer, to wit, a mill deputy, who also held a State Constable's commission. Homer Franklin Davis had been known to this officer for many years and had a reputation with him for violating liquor laws.

(12) Claimant acquired its chattel mortgage from Traver Motor Company in good faith and had no knowledge or reason to believe that the motor vehicle covered thereby was being, or would be, used in violation of state or federal laws relating to liquor.

(13) On the same day, to wit, December 30, 1948, that claimant acquired its mortgage, but later in such day, claimant mailed a letter to W. C. Elrod, of the Alcohol Tax Unit, at Greenville, South Carolina, inquiring if Homer Franklin Davis had a record or reputation for violating laws relating to liquor and received this letter back from Elrod on January 2 or 3, 1949, with answer thereon by Elrod that Davis had both record and reputation for violating liquor laws. Claimant's explanation for making such inquiry at such time was that it was simply a "spot check" on one of its customers chosen at random and that it was a coincidence that such inquiry was mailed in the afternoon following the morning on which it had already purchased the Davis mortgage from Traver Motor Company.

## Conclusions of Law.

■ (1) The defendant motor vehicle should be ordered forfeited for its use in the removal, deposit and concealment of the untaxpaid whiskey with intent to defraud the United States of the tax imposed thereon.

■ (2) The claim of Auto Finance Company for remission or mitigation of the forfeiture cannot be allowed. Since Homer Franklin Davis had both record and reputation for violating laws of the United States relating to liquor long prior to the time claimant acquired its interest, it was incumbent upon claimant to prove compliance with the third condition of the remission statute, 18 U.S.C.A. § 3617(b).

■ Claimant failed in this burden because the inquiry of November, 1946, upon which it relies was not timely made. The remission statute requires that the inquiry be made "before such claimant acquired his interest" and there is no qualifying word or phrase to indicate how long or how shortly before such acquisition the inquiry must be made. Neither counsel for the Government nor claimant has cited any case construing the word "before" as used in this statute. Claimant contends that an inquiry made approximately twenty-five months before it acquired its interest is a compliance. I cannot agree. Reason and common sense compel the conclusion that Congress intended an inquiry made in contemplation of acquisition of the particular and specific interest which it asks the Court to protect and allow and that it be made in such reasonably close proximity of time before such acquisition that in the very nature of things a person could not get a record or reputation for violating liquor

laws in the interim between inquiry and the acquisition of its interest. Experience demonstrates that people have acquired records and reputations for violating liquor laws in much shorter periods of time than twenty-five months. In claimant's written argument filed with the Court, it is stated: "Mr. Hunt (Assistant Manager of Auto Finance Company) further testified that he was acquainted with Frank Davis, who had been a customer of Auto Finance Company since November of 1946. Mr. Hunt further stated that Frank Davis had been an excellent credit risk and he knew that Auto Finance Company had previously caused an investigation to be made. He readily admitted that he did not cause a new and independent investigation to be made prior to purchase of the contract and under the circumstances he did not have any reason to request or cause such an investigation before purchasing said contract for his employer." If claimant had had a "reason" to request a new and independent investigation, it would have been unable to prove compliance with the first and second conditions of remission for it could not have proven good faith and lack of knowledge or reason to believe that the car would be used in violation of liquor laws. If I should hold a two-year-old inquiry timely made simply because it was made "before" acquisition of interest, consistency would require that I hold a three or four or five-year-old inquiry timely also and such an inquiry would be all-the-more "before" such acquisition. Stale and recent inquiries would then be equally protective. I do not believe that Congress intended such a result. "If any claimant has been *negligent* (emphasis added) or in good conscience ought not be relieved, the court should deny his application." U. S. v. One 1936 Model Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249.

Having reached the foregoing conclusions it is not necessary for me to decide the contention of the Government that the claim for remission must be disallowed for the additional reason that the inquiry of November, 1946, under the provisions of Section 3617(b), sub-head (3), was deficient or incomplete for lack of inquiry of a law enforcement officer in the locality of Piedmont as to the record or reputation of Davis for violating liquor laws, since inquiry was made in such locality as to the financial standing and character of Davis.

Counsel for the Government may present an appropriate order.