**UNITED STATES v. ONE 1947 DE SOTO SEDAN, MOTOR NO. S11–100691 (KANTER, intervening claimant).**

**No. 5567.**

United States District Court
W. D. Missouri, W. D.

Dec. 30, 1949.

Sam M. Wear, U. S. Attorney, Sam O. Hargus, Asst. U. S. Attorney, Kansas City, Mo., attorneys for plaintiff.

Harry L. Jacobs, James Daleo, Robert J. Coleman, and Otto Schmid, Kansas City, Mo., attorneys for defendant.

REEVES, Chief Judge.

After the libel was instituted in the above entitled proceeding, Jacob M. Kanter filed

an intervening claim and sought remission of forfeiture perforce the provisions of Section 3617, Title 18 U.S.C.A. By such intervention it is claimed by him that he was the holder and owner in good faith of a chattel mortgage on the condemned automobile mentioned in the libel, in the sum of $2,000. The mortgage was excuted by Taubie Becker in favor of Missouri Auto Sales Company, Inc., as security for a promissory note in the sum of $2,000, likewise executed by her. The note and mortgage were dated October 13, 1947. Both the note and the mortgage were on October 18, 1947, transferred or assigned to the intervenor. This was done for the reason that after the execution of the note and mortgage the payee declined to accept same, whereupon both were transferred to the intervenor who was present when the mortgage and note were executed and who was even present when the said Taubie Becker had purchased the offending automobile.

No question is raised but that the condemned automobile was actually being used in the transportation of illicit liquor. The only question in the case is whether the intervenor had acquired his interest in the automobile in good faith so as to vouchsafe to him the relief mentioned in paragraph (b) of said Section 3617.

1. This paragraph is entitled "Conditions precedent to remission or mitigation." Said paragraph (b) forbids the allowance of any claim for remission or a mitigation, "* * * unless and until he (the claimant) proves (1) that he has an interest in such vehicle * * * as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used *in the violation of laws of the United States or of any State relating to liquor* (emphasis mine), and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor *has a right with respect to such vehicle * * ** (emphasis mine) that, before such claimant acquired his interest, or such

other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided * * *."

2. It is not disputed in this case but that the intervenor actually made the loan of $2,000 to Taubie Becker. Taubie Becker, however, was the wife of Manuel Becker, who, among other things, was engaged at the time of the transaction, and had been engaged; in the illicit handling of liquor. His reputation as a violator of the federal liquor law was bad. The claimant was well acquainted with Manuel Becker, as well as his wife. He had been in the habit of lending money to the said Manuel Becker and the evidence shows that he expressed an entire willingness to renew loans to the said Manuel Becker, and that, when he loaned the $2,000 to Taubie Becker, he did so in reliance upon and because of his confidence in Manuel Becker and not in Taubie Becker. He had known Manuel Becker for a period of thirty years. From the evidence it was almost, if not entirely, a matter of common knowledge that Manuel Becker was a violator of the liquor law. After the automobile was acquired by Taubie Becker it was not only used by her but it was used by Manuel Becker and both of them used it as a vehicle or a means for violating the liquor law in the transportation of illicit liquor. The intervenor did not put his mortgage of record until after the arrest of Manuel Becker and the seizure of the automobile.

As indicated, the only question is whether the intervenor was put upon his inquiry by reason of the known record of Manuel Becker when he loaned the $2,000 on the automobile to Manuel Becker's wife, Taubie Becker. The title to the automobile was vested in Taubie Becker.

3. It is the rule to which there is no exception that on questions of remission or mitigation in cases of this kind the trial judge is empowered or permitted to exercise a sound discretion to afford relief to innocent parties having an interest in the condemned property and he may remit or mitigate the forfeiture where the claim is reasonable and just; and it is the rule that if any claimant has been negligent or in good conscience ought not to be relieved, the court should deny his application. City National Bank & Trust Co. of Oklahoma v. United States, 8 Cir., 163 F.2d 820.

4. In this case the intervenor made his loan to Taubie Becker, the wife of Manuel Becker, not because she was the owner of the offending vehicle, but solely and alone because of his acquaintance with Manuel Becker. Manuel Becker was known as a law violator in the transportation of illicit liquor and had a reputation as such violator. The intervenor knew that, or is charged with such knowledge. He then had reason to believe that the automobile "would be used in the violation of the laws of the United States." The very fact that the loan company refused to make or accept the loan and assigned the papers to the intervenor was enough to arouse his suspicion and to put him upon inquiry. Since Manuel Becker had been engaged in violating the law, all of the facts and circumstances warrant the conclusion that the intervenor did not make the loan in good faith but that he could have reasonably anticipated that the very things would happen that did happen, that is that the automobile was used in illicit traffic by Manuel Becker and also employed illicitly by Taubie Becker herself.

In the case of Beaudry v. United States, 106 F.2d 987, 988, the Court of Appeals Fifth Circuit expressed applicable doctrine as follows:

"In United States v. Automobile Financing Co., 5 Cir., 99 F.2d 498, affirmed United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and in United States v. One 1938 Model Chevrolet, 5 Cir., 106 F.2d 985, we have made it clear that while the District Judge may, he is not compelled to, exercise his discretion in remitting a forfeiture, even where the minimum statutory conditions are complied with, *if there are facts and circumstances which give an unsatisfactory color or character to the transaction, and that it would be only in the most extreme case that his discretion in refusing or granting a remission would be reviewed."* (Emphasis mine).

Unquestionably "there are facts and circumstances which give an unsatisfactory color or character to the transaction" in this case. The intervenor, in making the loan, or, rather, in taking up the loan, did so because of his reliance upon a known law violator. It would be idle to state that under such circumstances he acquired his interest in the automobile innocently.

In view of the above, the remission or mitigation of forfeiture should be denied.