**AETNA FINANCE CO., Inc. v.
UNITED STATES.**

No. 4247.

United States Court of Appeals,
Tenth Circuit.

July 24, 1951.

Manford Holly, Wichita, Kan. (A. D. Weiskirch and Leonard Levand, Wichita, Kan., on the brief), for appellant.

Eugene W. Davis, Topeka, Kan. (Lester Luther and Malcolm Miller, Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This appeal involves remission of forfeiture of a 1949 Oldsmobile Sedan, owned by Jimmy Razook, and on which the appellant, Aetna Finance Company, holds a conditional sales contract with an unpaid balance of $1250.00.

It is admitted that at the time the automobile was seized by United States Revenue Agents, it was being used by Razook in the transportation and storage of liquor in connection with the business of a retail liquor dealer without having paid the special tax, in violation of Section 3253, Title 26 U.S.C. Razook pleaded guilty to the charge in the United States District Court of Kansas, and did not contest the forfeiture of the car. Aetna, however, sought remission under Section 3617, Title 18 U.S.C., Subsection (a) of which gives the district court exclusive jurisdiction to remit or mitigate the forfeiture; (b) if the claimant for remission or mitigation proves (1) that he has an interest in the vehicle as an owner or otherwise which he acquired in good faith; (2) that he at no time had any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any state relating to liquor; and (3) "if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." See United States v. One Hudson Coupe 1938 Model, 4 Cir., 110 F.2d 300.

The burden is upon the claimant to prove that inquiry was made of any one of the enumerated officers, and failure to make such inquiry can be excused only if it is shown that the party who is the subject of the claimant's interest had "no record or reputation" with any of such officers. United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F.2d 516; Kinston Auto Finance Co. v. United States, 4 Cir., 182 F.2d 543. Even in the face of technical or minimum compliance with the requirements of Section 3617(b), supra, the trial court is vested with sound discretion to allow or refuse remission. United States v. One 1938 Model Chevrolet, 5 Cir., 106 F.2d 985; Beaudry v. United States, 5 Cir., 106 F.2d 987; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498. See Annot. 124 A.L.R. 288, 305.

The trial court denied remission, based upon a finding that Aetna, before acquiring its interest in the car, did not make the inquiries concerning the record or reputation of Razook as required by Section 3617(b) (3), supra. And, the evidence shows that at the time Aetna acquired its interest in the automobile, Razook had a record or reputation as a dealer in liquor in and around Wichita, Kansas. The sole question presented by this appeal is whether the trial court's findings on the evidence are clearly erroneous.

To discharge the burden of proving compliance with Section 3617(b), Aetna introduced evidence to the effect that in June 1949, a girl employed in its office at Wichita, Kansas, made the "usual routine check" on Razook by telephone to the register of deeds, police station, sheriff's office and credit bureau. The girl testified that she did not know the names of the persons she

talked to at the police station and sheriff's office, but that in both instances she inquired whether "they had any record against, any arrests, or matter against" Razook, to which they replied "no record."

The Manager of Aetna's Wichita office testified that he knew Razook was operating a night club outside the city limits, which sometimes "has attendant evils"; that he was aware of Razook's reputation for gambling, but had no personal knowledge of his reputation as a liquor dealer. He stated that he directed the girl in his office to make the inquiries concerning Razook, and that she later informed him that she had done so. The office records disclosed that in the past, Razook had financed several automobiles through Aetna.

The Identification Officer of the sheriff's office for Sedgwick County, Kansas, testified that he was regularly in the office; that he could not recall any inquiry concerning Razook, but that it was possible that the girl in Aetna's office had talked to someone else; that there was no record on Razook in 1949, when the inquiry was said to have been made; that he had no knowledge of Razook's reputation as a liquor dealer at that time. A deputy sheriff, who also spent most of his time in the office, testified that he did not recall any inquiry on Razook, but that if such inquiry had been made of him, he would have advised that Razook had a reputation for being a bootlegger in 1949 when Aetna purchased the conditional sales contract. One Alcohol Tax Unit Agent testified that Razook had the reputation of being a gambler and bootlegger in 1949, and two other Agents testified that they knew nothing of his reputation until just prior to the time that they participated in the arrest and seizure on March 2, 1950.

The Captain of the Vice Division of the Wichita Police Department testified that to his knowledge, no call had been received by the Department from Aetna concerning Razook; that had he received such an inquiry, he would have replied that Razook was engaged in the liquor business during the time in question. The Lieutenant in charge of the Record Division of the Police Department testified that he did not recall

Aetna's inquiry concerning Razook; that there was no record in the Department in June 1949 indicating that he had violated the liquor laws; and that he did not know of his reputation as a bootlegger at that time. He further stated that it was the policy of the Police Department to check records only for other law enforcement agencies, and not for private concerns. On cross examination, however, he admitted that it was possible that Aetna had obtained the information concerning Razook from some other employee of the Department.

In the light of this evidence, we do not think the trial court abused its discretion in refusing to allow the remission. The judgment is affirmed.