**UNITED STATES v. ONE 1949 CHEVROLET COACH MOTOR NO. GAA953083 et al.**

No. 4471.

United States Court of Appeals, Tenth Circuit.

Nov. 11, 1952.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U.

S. Atty., Oklahoma City, Okl., on the brief), for appellant.

David W. Taylor, Norman, Okl., for appellees.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This appeal raises the question of whether the trial court was justified in remitting the forfeiture of an automobile which had been seized by federal officers while being used for the unlawful transportation of intoxicating liquors in violation of 26 U.S. C.A. § 3253. The automobile was subject to forfeiture under Title 26 U.S.C.A. § 3116. The Associates Discount Corporation, the assignee and holder of a note and conditional sales contract, sought remission of the forfeiture under Title 18 U.S.C.A. § 3617. This section provides that the court in such forfeiture proceedings may not allow a remission or mitigation of the forfeiture unless the claimant proves: 1, that he has an interest in the vehicle as owner or otherwise which he acquired in good faith; 2, that he had at no time any knowledge or reason to believe that the vehicle was being or would be used in the violation of laws of the United States or any State relating to liquor; and 3, if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating the laws of the United States or any State relating to liquor which the claimant could have discovered by inquiry of designated officers.[1]

The facts are not in dispute. Admittedly Cain purchased the automobile for Carlisle, a known bootlegger. Cain had no such reputation. Cain alone executed the retail installment contract whereby he was obligated to pay the dealer the balance due on the purchase price in stated monthly installments. An automobile belonging to Carlisle was exchanged as part of the required down payment, the balance of which was paid by Carlisle. As was customary, the dealer asked the claimant by telephone if it would accept the contract executed by Cain, and was advised by the claimant that the contract would be purchased, and later it was duly assigned. The claimant was not advised of Carlisle's interest in the transaction. Thereafter, unknown to the claimant, title to the car was transferred to Cain and Carlisle jointly. Carlisle made ten monthly payments to the claimant due under the contract.

The claimant did not make inquiry of the officers designated in Sec. 3617(b), but it is conceded that if such inquiry had been made it would have been found that Cain had no record or reputation as a violator of the state or federal laws relating to liquor. Where the purchaser has no such reputation the failure to make the statutory inquiry is excused. Aetna Finance Co. v. United States, 10 Cir., 191 F.2d 63; Inter-

1. Title 18 U.S.C.A. § 3617(b):
"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having 'a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

state Securities Co. v. United States, 10 Cir., 151 F.2d 224; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516.

■ The claimant purchased the contract in good faith without any knowledge of the existence of Carlisle or that he had any interest in the purchased automobile and with the belief that Cain was the real purchaser. Under these circumstances the claimant would be entitled to remission even though Cain was a "straw purchaser" for Carlisle. United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. Automobile Financing Inc., 5 Cir., 99 F. 2d 498; United States v. One 1936 Model Ford V-8 De Luxe Coach, 4 Cir., 93 F.2d 771.

■ It is contended by the United States that the words "at no time" as used in Sec. 3617(b) (2) mean that if at any time after the purchase of the vehicle and before the seizure the claimant has knowledge or reason to believe that the vehicle was being used in violation of the laws of the United States or any state relating to liquor, the remission should be refused. A remission or mitigation of forfeiture may be denied a claimant who has acquired an interest in a vehicle in good faith, if thereafter, he has knowledge or reason to believe that the vehicle is being used in violation of the liquor laws and by the exercise of good faith and

due diligence could have done something about it. United States v. Farrior Motor Co., 5 Cir., 198 F.2d 68. The evidence is without dispute that the claimant had no knowledge at any time that the vehicle was being used or would be used in violation of the liquor laws or even that Carlisle was a bootlegger.

Apparently the position of the government is that after the acquisition of the contract and before seizure the facts were sufficient to impute knowledge to the claimant that the vehicle actually belonged to Carlisle and that the claimant was obligated to make an investigation as to Carlisle's reputation and what he was using the vehicle for. The statute places no such burden upon a claimant who acquires a lien in good faith.[2]

It is further contended that United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 is not controlling here because the claimant made no inquiry as to the record or reputation of Cain as required by the statute. It is stated that this is an indication that there was a lack of good faith on the part of the claimant. We are unable to see how lack of good faith could be imputed from this failure when there would have been a negative answer from the enforcement officers if the inquiry had been made.

Judgment is affirmed.

2. In discussing the necessity for inquiry to be made by the purchaser, it was said in United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 236–237, 59 S.Ct. 861, 869, 83 L.Ed. 1249:

"Congress intended a reasonable inquiry concerning the bootleg risk should be made in connection with the investigation of financial responsibility. They negative the notion that wholly innocent claimant at his peril must show inquiry concerning something unknown and of which he had no suspicion. Dealers do not investigate what they have no cause to suspect.

"The forfeiture acts are exceedingly drastic. They were intended for protection of the revenues, not to punish without fault. It would require unclouded language to compel the conclusion that Congress abandoned the equitable policy,

observed for a very long time, of relieving those who act in good faith and without negligence, and adopted an oppressive amendment not demanded by the tax officials or pointed out in the reports of its committees.

"Subsection (b) (3) was intended to prevent remission to a claimant who had failed to inquire when he should have done so, to one chargeable with willful negligence or purpose of fraud. It would be excessively harsh, unreasonable indeed, to say that one dealing in entire good faith must, at his peril, first discover and then make inquiry concerning somebody of whose existence he has no knowledge or suspicion. We cannot think Congress intended thus to burden dealing in all vehicles capable of transporting liquor."