## UNITED STATES v. WILLIAMS et al.
### No. 14047.

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1952.

Edwin R. Holmes, Jr., and Jesse W. Shanks, Asst. U. S. Attys., Jackson, Miss., for appellant.

E. L. Trenholm, Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and BORAH, and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from a judgment remitting as to appellee, claimant below, the forfeiture of a Dodge Truck, but taxing the costs against the claimant,[1] the United States is here insisting that the court erred in remitting the forfeiture.

The primary reason assigned by it is that the evidence showed, and the court found, that, though the ostensible purchaser of the car and maker of the paper purchased by claimant was without any record or reputation as a violator, one who had such a record was a secret owner of a part interest in the car.

The secondary reason was: that the evidence did not acquit the dealer from whom the paper was purchased of bad faith in making the sale; that, under the representations accompanying the assignment of the conditional sales contract and note, the claimant could have had recourse against it; and that, rather than remitting the forfeiture, the court should have remitted the claimant to his action on these representations.

---

8. Rules Criminal Procedure, 52(a), 18 U. S.C.A.

1. In his conclusions of law, the court, after holding that the claimant should have the remission, added, "the claimant to be taxed with the costs."

The appellee, relying on the findings of the court,[2] insists: that the case is ruled by our case of United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498, affirmed in 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; and that, as was held of the judgment in that case, the entry of the judgment here was well within the discretion confided to the district judge. We agree.

There is nothing in the findings of the court or in the record to support the contention that claimant, as assignee of the paper, had any recourse for the moneys advanced on account of it, against the dealer from whom it took it. Moreover, there is nothing in the statute or in any of the controlling decisions which supports the view advanced by the appellant that where it is made to appear that a claimant for remission may, in addition to his claim to the car, have a cause of action to the sums advanced on account of its purchase of the paper, remission of forfeiture must be denied.

This is not to say that the district judge may not, in the exercise of his discretion, take such facts into consideration in determining on the record as a whole whether the forfeiture should be remitted.

It is to say, though, that the effect to be given to such facts and the actions to be taken by him, in the light of all the facts and circumstances, were confided to the discretion of the district judge, and that discretion having been exercised in favor of remission, the facts may not now be put forward as a basis for reversal.

The judgment is

Affirmed.

2. "Upon the petition of intervention of the Commercial Credit Corporation, the Court makes the following finding of fact and conclusion of law:

"1. The Commercial Credit Corporation acquired the contract executed by James Williams to the Dealer in good faith for a valuable consideration before the maturity of the paper and long before the truck was seized;

"2. That this contract was purchased by the Commercial Credit Corporation in good faith for a valuable consideration, and that it owned an interest by virtue of that contract in the pick-up truck at the time that it was seized;

"3. The court further finds that James Williams, who executed the contract, had no reputation or record for violation of the Internal Revenue Laws and that while no inquiry was made of the Alcohol Tax Unit or any other officer, yet if such inquiry had been made, the Commercial Credit Corporation would have received a negative answer;

"4. The court further finds that James Williams actually owned an interest in the automobile to the extent at least of $200.-00, and that the automobile was sold by the Dealer to James Williams because the said James Williams did have a good reputation, and that the Dealer would not have sold the truck to Charlie Wilbert because he had a record, but that in good faith and for a valuable consideration paid by James Williams, the Dealer sold the truck to James Williams, accepted a valid contract from him which obligated and required him, as a matter of law, to pay the deferred payments upon the contract, and that sale to the said James Williams was, therefore, a valid and lawful sale;

"5. That the said James Williams was not the 'straw man' as is contemplated by law of a sale to a straw man.

"The Court therefore concludes as a matter of law that:

"The claim of the Commercial Credit Corporation should be allowed and that the car should be forfeited to the Government subject to the claim of the Commercial Credit Corporation; * * *"