**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1952 DE SOTO 4–DOOR SEDAN, Motor No. S15–141279, and 12 Fifths Vat 69 Scotch Whiskey and certain other liquor, Respondents.**

**Civ. A. No. T–860.**

United States District Court
D. Kansas.

Nov. 9, 1954.

13. Rosen v. United States, 161 U.S. 29, 42, 16 S.Ct. 434, 438, 40 L.Ed. 606.

Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan., for plaintiff.

Herbert A. Marshall and Joe N. Shidler, Topeka, Kan., for respondents.

WALLACE, District Judge.

The Government instituted this action to gain the forfeiture of the defendant automobile for the reason that said car was used in violation of the Internal Revenue Law, 26 U.S.C.A. § 1 et seq.[1]

---

1. The parties stipulated that the vehicle in question was used "in the transportation of liquor into the dry state of Oklahoma" in violation of 18 U.S.C.A. § 3615.

The forfeiture has been declared and the sole issue before the Court is whether the intervenor, Motor Finance Company of Tulsa, is entitled to relief under the "remission or mitigation" statute.[2]

In regard to the remission issue it has been stipulated: (1) The intervenor has an interest in the instant vehicle as assignee of the note and mortgage signed by the purchaser of the car; (2) The purchaser, Samuel Harvey, bought the car in the name of Buddy Harvey, signing both note and mortgage as "Buddy Harvey"; (3) At the time of the purchase together with the subsequent assignment to the intervenor, the purchaser, Samuel Harvey, had a record and reputation with local law enforcement officers for being a liquor law violator, although at such times, no record or reputation existed as to his alias, "Buddy Harvey"; (4) Neither the original mortgagee nor the intervening assignee made inquiry of local law enforcement officers as to the "record or reputation" of the purchaser prior to the time the car was picked up by government officers.

The intervenor urges that it is entitled to remission of the car in question for the reason that had an inquiry been made of the person named on the note and mortgage, Buddy Harvey, no record or reputation under such name would have been revealed and therefore it should not be penalized for having failed to make an inquiry which would have shown neither record nor reputation.[3] However, after carefully reviewing the stipulated facts in light of the remission statute the Court has concluded that remission should not lie.

The section dealing with "Remission or mitigation of forfeitures under liquor laws" imposes three specific requirements upon a claimant proceeding thereunder.[4] These conditions precedent in substance require: (1) that the claimant have an interest in the vehicle, acquired in good faith; (2) that the claimant at no time knew or had reason to believe that the vehicle "was being or would be" used in violation of the liquor laws; and, (3) if the claimant's interest "arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating" the liquor laws, the claimant must have inquired of local law enforcement officers as to the record or reputation of such person, and received a negative answer as to both inquiries.

■ The intervenor in the instant case made no inquiry as to the record or reputation of the purchaser and mortgagor, Samuel Harvey, who admittedly had both a record and reputation for violating the liquor laws, both at the time the car was purchased and when the note and mortgage were subsequently assigned to the claimant. Under the plain wording of the statute such an inquiry must be made to qualify for remission.[5]

The Court has considered that line of authority which holds that a claimant is not required to do a vain thing and that where at the time the inquiry should have been made the purchaser or mortga-

---

2. 18 U.S.C.A. § 3617.

3. It was stipulated "That the claimants did not make an investigation of the Sheriff or Police of the record or reputation of Buddy Harvey at the time of the acceptance of the note and mortgage here involved, but that after the seizure of the vehicle involved, the claimants made an inquiry from the Tulsa Oklahoma Police Department and was advised that Buddy Harvey did not have a reputation as a violator of the liquor laws (Exhibit 9), and also made inquiry from the Sheriff at Tulsa, Oklahoma, and received the same reply. (Exhibit 10)."

4. See 18 U.S.C.A. § 3617(b).

5. See 18 U.S.C.A. § 3617(b) (3). Cf. the language in Murdock Acceptance Corporation v. United States, 5 Cir., 1949, 172 F.2d 552, 553, wherein Judge Holmes observed: " * * * The statute does not contemplate a hypothetical compliance with its terms. The statutory requirements are real, positive, and unequivocal; they must be substantially fulfilled, they are in fact conditions precedent to the remission or mitigation of a forfeiture in this case; and the burden of proving compliance with the conditions was upon appellant (the claimant)."

gor had neither record nor reputation, remission will be allowed.[6] However, such authority is inapplicable here for the reason that the mortgagor did in fact have a "record or reputation" at the time the claimant acquired its interest.

Although it may well be that had the claimant inquired as to "Buddy Harvey" that an answer of "no record or reputation" would have been received,[7] such does not do away with the need of inquiry where the mortgagor does at the time have a record and reputation, and where more particularly the claimant is guilty of not using due diligence in determining the true identity of the person with whom it is dealing. The entire spirit of the remission statute moves toward protecting those who with care and diligence make every reasonable effort to protect themselves and evidence the best of good faith in so doing.[8] Although this Court is not ruling that as a matter of law a claimant under all circumstances is charged with the absolute responsibility of learning the true identity of the mortgagor or purchaser, nonetheless, the claimant must not be careless and thereafter turn to the remission statute in protection of its interest. In the case at bar, not only did the claimant fail to make any inquiry when the mortgagor at the time had both a record and reputation, but the note and mortgage signature of "Buddy Harvey" was sufficient to put the claimant on notice that very likely such was not the legal name of the mortgagor and with a slight degree of care the claimant could have learned both the true name of the mortgagor and the mortgagor's record and reputation.

Remission is denied.

---

6. United States v. One 1949 Chevrolet Coach, 10 Cir., 1952, 200 F.2d 120; Aetna Finance Co. v. United States, 10 Cir., 1951, 191 F.2d 63; Interstate Securities Co. v. United States, 10 Cir., 1945, 151 F.2d 224.

7. Read fn. 2, supra.

8. "If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application." United States v. One 1936 Model Ford Coach, 1938, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249. Cf. United States v. One 1949 Mercury Tudor Sedan, D.C.S.C.1949, 87 F.Supp. 96, and United States v. One 1941 Ford Coach, D.C.W. Va.1941, 42 F.Supp. 246, as to due diligence.