GENERAL FINANCE & THRIFT CORPORATION, Claimant of One 1954 Model Mercury Coach Automobile, Motor No. 54SL71421M, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15621.

United States Court of Appeals Fifth Circuit.

Nov. 9, 1955.

**736**

Arnold Shulman, H. A. Stephens, Jr., Atlanta, Ga., McKenzie, Kaler & Shulman, Atlanta, Ga., Woodruff, Swift & Stephens, Atlanta, Ga., of counsel, for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order denying its claim, as a protected lienor [1] under Sec. 3617, 18 U.S.C., for remission of forfeiture, claimant is here insisting that the order was based upon findings of fact,

which are without support in the record, and conclusions of law, which are at variance with the decided cases. For the reasons hereafter briefly stated, we agree.

The cause was submitted below upon a stipulation of facts which not only showed that Claude M. Fain, on the face of the papers the ostensible purchaser of the automobile, had no record or reputation as a handler of, or dealer in, liquor, but expressly agreed that the claimant "acquired its interest in said vehicle in good faith and with no knowledge that the said Fain was not the actual purchaser thereof and had no knowledge or reason to believe that the said vehicle would be used for violation of the Revenue laws relating to liquor".

In addition, while it was stipulated: that the agent of the dealer, now a convicted felon, knew before the car was delivered that one Leroy Marshall, who did have a reputation as a liquor dealer, was the real purchaser, and that he was using Fain's name without his knowledge or consent; it was also stipulated: that he received no salary, was simply a salesman on commission, and had no authority to sell or consummate a trade, but could only report to the sales manager for his approval; that that procedure was followed in this case; that the offer to purchase appeared in the name of Fain; and that neither Turner nor any of the officers of the dealer knew or had any intimation that any person other than Fain had any interest in the car at the time the sale was consummated and the conditional sales contract was sold and transferred to claimant.

 Without any basis, therefore, in the stipulation, in and by which the parties agreed: that claimant had no knowledge or reason to believe that the vehicle was being or would be used in violation of the liquor laws; and that none of the officers of the dealer knew or

[1]. United States v. Automobile Financing Co., Inc., 5 Cir., 99 F.2d 498, affirmed United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1938 Model Chevrolet, 5 Cir., 106 F.2d 985; United States v. Williams, 5 Cir., 200 F.2d 500; United States v. Farrior Motor Co., 5 Cir., 198 F.2d 68; United States v. One 1949 Chevrolet, 10 Cir., 200 F.2d 120.

had any intimation that any person other than Fain had any interest in the car; the district judge, in findings and conclusions purportedly "based on the aforesaid stipulation", erroneously found and concluded (1) "that had the finance company attempted to verify the genuineness of said conditional sales contract, it would have discovered that the same was not signed by Claude M. Fain, or by the latter's consent or authority, but was in effect a forgery perpetrated by the said Leroy Marshall and was not a genuine document"; (2) that *"as the dealer was the agent of the finance company* and the dealer was charged with knowledge of the fact that the car was being purchased by Leroy Marshall, the finance company was also charged with such knowledge" (emphasis supplied); and (3), in direct conflict with the cases cited in note 1, supra, that a finance company, acting in good faith, cannot rely upon the title being in the ostensible maker of the papers and owner of the car, but must in every case make inquiry as to whether there is a possibility that a hidden purchaser is involved.

The conclusion that this is the law finds no support, we think, except in the reasoning of the district judge that the law ought to be so declared. It certainly finds none in the authorities.

His final conclusion, "This is to say that both parties were guilty of grossest negligence, the dealer in delivering the car to a man with a bad reputation and accepting a spurious document, and the finance company in buying the document without verification as to its genuineness", is contrary both to the stipulated facts, that both dealer and finance company were acting in good faith and without any intimation that the transaction was other than it was, and to the law which pointedly does not put the finance company to the duty of suspecting every transaction as forged or spurious and making a sweeping search accordingly. In 99 F.2d 498, supra, affirmed in 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, these same contentions were effectively met and denied, and as effectively put to rest.

The judgment denying the remission was erroneous in fact and in law. It is reversed and the cause is remanded for further and not inconsistent proceedings.