**UNITED STATES of America,**
**Libellant,**

v.

**ONE 1955 BUICK CENTURY COUPE,**
**Motor No. 11394716, Respondent.**

**No. 2222.**

United States District Court
E. D. Virginia, Norfolk Division.

Nov. 26, 1956.

**2**

L. Shields Parsons, Jr., U. S. Atty., Norfolk, Va., Wm. F. Davis, Asst. U. S. Atty., Norfolk, Va., for libellant.

Wolcott, Wolcott & Payne, Norfolk, Va., Daniel H. Payne, Norfolk, Va., for respondent.

HOFFMAN, District Judge.

This is a forfeiture proceeding under the provisions of § 7301(e) of the Internal Revenue Code of 1954, 26 U.S.C. § 7301. Forfeiture is not contested and the question is whether the petitioner, General Motors Acceptance Corporation, a finance company having accepted an assignment of a conditional sales contract at the time of purchase, is entitled to remission or mitigation to the extent of its interest pursuant to 18 U.S.C. § 3617 (b).

It is conceded that, at and before the finance company acquired its interest in the conditional sales contract, it made no inquiry as to the record or reputation of the owner thereof relating to liquor law violations from any of the several officers referred to under 18 U.S.C. § 3617 (b). Approximately six weeks subsequent to acquiring the interest and financing the transaction, petitioner did make inquiry from the Alcohol and Tobacco Tax Division, Richmond, Virginia, and received a reply indicating that the owner, Herman Allen, had no record or reputation for violating the liquor laws. It is petitioner's contention that an inquiry at the time of acquiring the interest would have been meaningless as it would have revealed nothing adverse and, under the authority of One 1951 Chevrolet Pickup Truck, etc. v. United States, 5 Cir., 212 F.2d 662, United States v. One 1949 Chevrolet Coach, etc., 10 Cir., 200 F.2d 120, and United States v. Chieftain Pontiac Co., 10 Cir., 218 F.2d 115, remission or mitigation should be granted.

While it is true that Allen had no record as a liquor law violator, there was abundant testimony as to his adverse reputation along these lines. The Sheriff of Nansemond County, in which locality Allen resided, testified that had any one made inquiry on June 19, 1955 (the date petitioner acquired its interest), the Sheriff would have advised the inquiring party that Allen had a reputation as a "bootlegger". This reputation is confirmed by neighbors of Allen and is not merely founded upon suspicion or gossip among law enforcement officers. It will be noted that the Sheriff's office is one of the offices prescribed in 18 U.S.C. § 3617(b) as a proper place of inquiry to protect the commercial world.

It is the opinion of the Court that a party failing to comply with the requirements of 18 U.S.C. § 3617(b) assumes the burden of proving that the owner of the vehicle has no record or reputation for liquor law violations in any and all of the offices provided in 18 U.S.C. § 3617(b) before being entitled to remission or mitigation. Congress has seen fit to protect business interests acquired in good faith by setting forth that an inquiry must be made from certain specified offices at or prior to acquiring the interest. If petitioner made no inquiry as required by the statute, petitioner is bound by whatever answer would have been given by any of the designated law enforcement officers had a proper inquiry been made. To hold otherwise would mean that commercial interests could disregard the statute and, at a later date, make a routine inquiry at one office and be fully protected. The authorities support the Court's view. Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224; United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F.2d 516; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300; United States v. National Discount Corp., 7 Cir., 104 F.2d 611.

An order will be entered denying the petition for remission or mitigation.