**GENERAL MOTORS ACCEPTANCE CORPORATION, Intervenor, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16455.

United States Court of Appeals Fifth Circuit.

Nov. 1, 1957.

---

37. Section 79x(a), Title 15 U.S.C.A.

Kirk McAlpin, Savannah, Ga., Bouhan, Lawrence, Williams & Levy, Savannah, Ga., for appellant.

Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

The district court, having on full findings of fact and of law [1] and on the authority of Beaudry v. United States, 5 Cir., 106 F.2d 987, United States v. Williams, 5 Cir., 200 F.2d 500, and other cases cited by him, ordered the automobile forfeited, appellant is here insisting that the decision and judgment were wrong and must be reversed.

The United States, on its part, urging upon us that the decision was right throughout, insists that whether this is so or not, the judgment forfeiting the automobile and denying remission was right and must be affirmed unless an abuse of the court's discretion is shown, Beaudry v. United States, supra, and that under the evidence as a whole not only was no such showing made but the contrary was established.

We agree with appellee that this is so. Apparently more concerned with some of the reasons given by the district judge

---

1. The judge found in substance that Whitfield, the sales representative for the dealer, Critz Buick Co., had actual knowledge of the fact that the purchaser's husband who accompanied the purchaser in negotiating the purchase of the forfeited automobile, had a reputation for violating such laws; and that Critz Buick Co. was charged with this knowledge and also that this knowledge was thence imputed to General Motors Acceptance Corporation who financed the vehicle in question. (This finding was purportedly based in part on testimony of the witnesses and in part upon the General Motors Acceptance Corporation manual which was introduced in evidence).

He also found that "Even though the intervenor attempted to establish that the purchaser of the forfeited automobile, Eleanor C. Arnold, did not have a record or reputation for violating the Internal Revenue Liquor Laws and therefore they were not required to make an inquiry as to such record or reputation as required by Sec. 3617(b) (3), the rea-

soning in the foregoing cases would preclude remission or mitigation. However, the government went further than necessary and established through its witness, John Guy, that Eleanor C. Arnold had a reputation for allowing her husband, B. P. Arnold, to use her automobiles in the illegal whiskey business;" and that being thus guilty of aiding and abetting in the commission of an offense she would, of course be guilty as a principal; adding, "There is little doubt that Mrs. Arnold was aware of the fact that her husband, with whom she was living, * * * was engaged in activities outside of the law." The court drew in part for this conclusion upon the fact that Mrs. Arnold filed a claim for the automobile, in which she denied knowledge that her husband used it in an illegal manner and then dismissed the claim prior to the hearing and failed to take the stand to testify to her lack of knowledge, citing Williams v. United States, 5 Cir., 199 F.2d 921 in support.

for his action in denying remission, particularly with his expressed views that the contract between appellant and Critz Buick Co., the dealer, and the dealings in this case created a relation of agency which made the dealer's knowledge imputable to it, than with the denial of the remission itself, appellant devotes the greater part of its brief and argument to an attack upon the court's finding that Critz was the agent of appellant. It strongly urges upon us, therefore, that in respect of the sale and financing of the car in question, as between it and Critz, the relation was not that of principal and agent but of buyer and seller, and that, therefore, no knowledge of Critz and its employees could be imputed to appellant.

In the alternative, appellant also vigorously attacks the court's findings that the evidence established that the employee of Critz who made the sale to Mrs. Arnold, the buyer of the car, had knowledge that she had a reputation and record of aiding and abetting her husband in the illegal handling of liquor by making the car available to him for such activities.

We do not find it necessary to determine or even consider the correctness of these challenged views. For we think it entirely clear that under the undisputed evidence if the inquiry required by the statute, 18 U.S.C.A. § 3617(b) (3), had been made, it would have disclosed facts[2]

which would have put appellant upon notice that the car would likely be used in the illegal handling of liquor, and it may not be held that the district judge so abused his discretion in not granting remission as to require a reversal.

The judgment is, therefore, affirmed.

---

2. Mr. Guy, Criminal Investigator with the Alcohol and Tobacco Tax Unit of the Internal Revenue Service, after testifying that he knew B. P. Arnold, who was driving the car when seized, that the automobile was registered in the name of his wife, Mrs. Eleanor Arnold, that he knew her by reputation, was asked the following questions and gave the following answers:

"Q. How do you know her in that respect? A. I know her to the extent that she is the wife of Bobby P. Arnold, that she is employed by the Southern Bell Telephone Company, as an operator, and I know that the 1954 automobile was registered in her name.

"Q. Was it in 1954? A. During 1954 and the early part of 1955 Bobby P. Arnold had a 1954 Oldsmobile, which, according to my investigation, was being used in the illicit liquor business.

"Q. In whose name was that car registered? A. I have not checked that registration, but since the date have learned that the automobile was owned by Mrs. Arnold. During this period of time Arnold, himself, made the boast that he had no fear of losing the automobile because it was registered in his wife's name.

"Q. Would you be able to testify as to the reputation in dealing in non-taxed paid whiskey as to Mrs. Arnold? A. Now, were I asked if Mrs. Arnold had a reputation I would say that she was involved to the extent that her automobile was being used in the violation of the Internal Revenue Liquor Laws."