UNITED STATES of America

v.

ONE 1959 PONTIAC BONNEVILLE 2-DOOR SEDAN, Motor and Ser. #859A4826, General Motors Acceptance Corporation, Claimant.

Civ. A. No. 7400.

United States District Court
N. D. Georgia,
Atlanta Division.

April 25, 1962.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for plaintiff.

A. Mims Wilkinson, Jr., H. A. Stephens, Jr., Atlanta, Ga., for defendant.

MORGAN, District Judge.

The parties to the above case, having conceded that the vehicle in question was used on numerous dates and at various times between September 1, 1959, and August 15, 1960, by Bobby Lee Moore of Fulton County, Georgia, in violation of the Internal Revenue laws, have admitted that the vehicle is guilty as charged in the libel. The claimant denies, however, that it had any knowledge of such illegal use by said Bobby Lee Moore and that it likewise was without knowledge that the said Bobby Lee Moore was in possession of or using the said vehicle at any time.

There are five issues which must be considered in arriving at an appropriate conclusion.

1. Was the subject automobile actually purchased by Lovett Tucker who, as ostensible purchaser, signed the conditional sales contract now held by the claimant, or was he acting on behalf of Bobby Lee Moore?

2. If Lovett Tucker was not the actual purchaser of the automobile, then were the facts and circumstances surrounding the sale of such that claimant knew or should have known that the sale was to be to Bobby Lee Moore?

3. If Lovett Tucker was not a bona fide purchaser of the said automobile, then is the claimant chargeable with notice of interest to Bobby Lee Moore?

4. Did Bobby Lee Moore or Lovett Tucker have a record or reputation for violating the laws of the United States or of any State relating to liquor? and,

5. Did the claimant make inquiry of the Sheriff, Chief of Police, principal Federal Internal Revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer as to whether or not Lovett Tucker or Bobby Lee Moore had such a record of reputation?

After consideration of the above questions, the Court makes the following

## FINDINGS OF FACT

There was testimony that Lovett Tucker had never been to Boomershine Pontiac, Inc., at any time, nor did he make a down payment on the subject automobile. He signed a blank sales contract at the shop where he worked as a porter after the automobile was driven there by a salesman of Boomershine Pontiac, Inc., a Mr. Townsend, who was accompanied by two men, one of whom was Bobby Lee Moore.

The automobile was then driven off by Mr. Townsend, accompanied by these same two men, and Lovett Tucker only drove the automobile on one occasion thereafter.

Prior to driving the automobile to Lovett Tucker for his signature on the contract, Mr. Townsend and the two men aforementioned agreed upon one specific 1959 Pontiac Bonneville 2-door Sedan, which they picked from a large selection of automobiles. Upon being presented the blank sales contract, to which his signature was attached, Lovett Tucker read very little of what the contract contained. Mr. Townsend stated that he filled out the contract after Tucker signed it. Mr. Townsend then gave the applicable information to General Motors Acceptance Corporation and, after their approval, the terms of the contract were filled in and the bill of sale was given to one of the two men.

One of the men who negotiated with Townsend and accompanied him to Tucker's place of business was Bobby Lee Moore, who had a record and reputation for violating the Internal Revenue laws regarding nontaxpaid liquor.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject property.

2. The 1959 Pontiac Bonneville 2-door Sedan, Motor and Serial No. 859A4826, should be and the same is hereby forfeited to the United States.

3. It is clear from Mr. Townsend's testimony that he either had actual knowledge that Lovett Tucker was not the true purchaser and continued to cooperate with the actual purchaser to hide that fact or he was negligent in the extreme in not determining who the real purchaser was. Mr. Townsend should have been put on notice by the events surrounding this purchase that Lovett Tucker was not the person buying this automobile and a reasonable inquiry would have disclosed this fact.

4. The record shows that Moore was the true purchaser of the automobile. The very circumstances of the sale would have led a reasonable man to suspect that one of the two men who picked out the car was the real purchaser, yet Townsend stated that he did not know their names. Under such circumstances, the slightest investigation would have revealed that Bobby Lee Moore was the real purchaser of the automobile, and not Lovett Tucker.

5. Consequently, General Motors Acceptance Corporation is bound by Townsend's knowledge, either actual or implied, that Bobby Lee Moore, and not Lovett Tucker, was the real purchaser of the automobile.

6. The testimony upon the trial of this case showed, without contradiction, that Townsend did not make a sale until it was approved by General Motors Acceptance Corporation. Townsend supplied General Motors Acceptance Corporation with certain information upon

which they approved the contract, and the terms of this contract were written in only after consultation with General Motors Acceptance Corporation.

7. The contract states, on its face, that the dealer must be responsible to General Motors Acceptance Corporation for misrepresentation and false information supplied to General Motors Acceptance Corporation and made the basis of the contract.

8. It is certainly apparent to this Court that in supplying the information to General Motors Acceptance Corporation for their prior approval before making the sale, Townsend was acting as the agent of the General Motors Acceptance Corporation and, pursuant to their instructions, he filled in the body of the contract and the sale was deemed complete. This establishes Townsend as an agent in this instance of General Motors Acceptance Corporation, which would clearly come within the holding of United States v. One 1955 Model Buick Coupe Automobile, 145 F.Supp. 72 (S.D. Ga.1956) and the subsequent opinion on appeal in General Motors Acceptance Corporation v. United States, 249 F.2d 183 (5 Cir.1957). Thus, Townsend's knowledge, actual or implied, of who the actual purchaser was is imputed to General Motors Acceptance Corporation.

9. General Finance and Thrift Corporation v. United States, 5 Cir., 226 F.2d 735, is cited in the claimant's brief as applicable to the instant case. The holding in the General Finance case was based on a stipulation that the claimant had no knowledge or reason to believe that the vehicle would be used in violation of the liquor laws. No such stipulation exists in this case and, accordingly, the opinion written by Judge Hutcheson would have no direct application here. On the contrary, it is strongly urged that claimant did have imputed knowledge that one other than the purported purchaser was buying the car; and, if the claimant had investigated, it would have ascertained that the actual purchaser was Bobby Lee Moore and that he did have a reputation for liquor violations.

10. The instant case is not one where a piece of negotiable paper was relied on by claimant as being correct. The claimant here actually participated in the contract through Townsend, who acted as the claimant's agent in gathering the information for the claimant's approval, for without the claimant's approval, no contract would have resulted in spite of the fact that it was signed in blank by Lovett Tucker.

11. The application for remission is denied.

12. All costs and expenses of this proceeding are taxed to the claimant.

It is so ordered.