**UNITED STATES of America, Libelant,**

v.

**ONE 1965 PONTIAC CATALINA SPORT COUPE, Serial No. 252375D122225.**

**Civ. A. No. CH 65-35.**

United States District Court
D. South Carolina,
Charleston Division.
Jan. 19, 1967.

Terrell L. Glenn, U. S. Atty., and Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C., for the Government.

William A. Dallis, Cooper, Gary, Nexsen & Pruet, Columbia, S. C., for claimant.

## ORDER

J. ROBERT MARTIN, Chief Judge.

The Government seeks forfeiture of this vehicle since it was used in violation of the United States liquor laws. The action was commenced on December 22, 1965, by the filing of a libel of information, monition, attachment, and an order for filing. A return was made by General Motors Acceptance Corporation. General Motors Acceptance Corporation, hereinafter referred to as GMAC, filed a claim and cost bond transferring the forfeiture proceedings to this Court, and the car was released to GMAC, the claimant. If the car be adjudged forfeited, claimant further seeks remission or mitigation of the forfeiture. The case was tried on September 21, 1966, without a jury. It has been conclusively shown, without being placed in issue, that the vehicle was used in violation of the United States liquor laws and, therefore, the Court declares the car forfeited to libelant. The sole remaining question is whether claimant is entitled to remission or mitigation.

After careful consideration of the testimony, the factual stipulations by the parties, and the applicable legal authorities, the Court hereby makes the follow-

·ing findings of fact and conclusions of law:

### FINDINGS OF FACT

On or about June 21, 1965, one Harry Gooding attempted to purchase the vehicle in question from a salesman at Backus Cadillac-Pontiac in Savannah, Georgia. The sale was not consummated, however, since the financing could not be arranged. Mr. William A. DeLoach, a salesman for Backus, went to obtain a check for $100.00 to return to Gooding, the same having been previously given as a down payment. Upon return with the check, Mr. De Loach was informed that Mr. James D. Nettles, father-in-law of Harry Gooding, would purchase the automobile. Mr. DeLoach called Mr. Walter E. Campbell, at the GMAC office, asking if GMAC could finance the purchase of the automobile for Mr. Nettles and informed Mr. Campbell that Nettles had an account with GMAC in Charleston, South ·Carolina. Mr. Campbell informed Mr. DeLoach it could finance the purchase and the same was consummated with a conditional sale contract to GMAC, and the car was delivered to Mr. Nettles and Mr. Gooding.

GMAC did not make any inquiry, with respect to this transaction, as to the record or reputation of either Mr. Nettles or Mr. Gooding for liquor law violations. If it had, it would have discovered that Gooding had such a record while Nettles did not. This may, or may not, be the reason the financing for Gooding as purchaser was originally refused. The car was registered in the name of James D. Nettles, Post Office Box 574, Ridgeland, South Carolina. The evidence indicates that Gooding was almost the exclusive user of the car.

Having observed Harry Gooding using this car in the transportation of illegal whiskey on two occasions, an agent for the Alcohol Tobacco Tax Division of the Internal Revenue Service, seized the vehicle from Mrs. Gooding on October 8, 1965. The present proceedings were subsequently instituted.

### CONCLUSIONS OF LAW

■■■ This Court has jurisdiction over the parties and subject matter in this action and the vehicle in question is adjudged forfeited to libelant pursuant to 26 U.S.C. § 7301(e), and § 7302. The Court has jurisdiction to remit or mitigate pursuant to 18 U.S.C. § 3617(a). The decision to remit or mitigate rests within the discretion of the district court, 18 U.S.C. § 3617(d), provided three conditions precedent to the exercise of the discretion are present. 18 U.S.C. § 3617(b):

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any state relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of

such other person, that such other person had no such record or reputation."

 On the basis of the facts it must be concluded that the purchase of the vehicle was a straw purchase by Nettles for the benefit of Gooding whose own credit was insufficient to support financing. Gooding, therefore, must be considered as the true purchasing party. Salesman De Loach either knew or should have known that Gooding was the true purchaser or, at least, the primary user of the car.

Since De Loach did not make a sale until the financing was approved by GMAC, and De Loach supplied GMAC with information upon which GMAC relied in approving the conditional sale contract, it must be found that De Loach was acting as the agent for GMAC in this transaction. See United States v. One 1959 Pontiac Bonneville 2-Door Sedan, 206 F.Supp. 892 (N.D.Ga.1962) for a case reaching the same conclusion under identical circumstances and the authorities cited therein.

GMAC, through the knowledge of its agent, therefore, either knew or should have known that Gooding was the real purchaser, or at least the primary user, of the car. In any case the knowledge of De Loach is imputed to GMAC. Gooding had a record for violating the liquor laws which would have been discovered by a proper inquiry as to him. But GMAC made no inquiry with respect to either Nettles or Gooding.

For these reasons the requisite conditions precedent required by 18 U.S.C. § 3617(b) are not fulfilled and this Court, therefore is without power to remit or mitigate. Even if all of the conditions were fulfilled this Court does not feel the factual situation involved would warrant the exercise of its discretion to rule in favor of remission or mitigation. Accordingly,

It is ordered that the application for remission is denied and all costs and expenses of this proceeding are to be paid by the claimant, General Motors Acceptance Corporation. Let copies of this Order be served upon the parties to this action.