**UNITED STATES v. ONE 1940 BUICK 4-DOOR SEDAN, etc.**

Clv. No. 1056.

United States District Court
W. D. North Carolina, Bryson City Division.

Sept. 8, 1950.

———◇———

T. A. Uzzell, Jr., United States Attorney, Asheville, N. C., and J. B. Craven, Jr., Assistant United States Attorney, for the Western District of North Carolina, Morganton, N. C. for plaintiff.

J. Harry Sample, Asheville, N. C., for intervenor.

WARLICK, District Judge.

The United States of America, libelant, filed in the District Court of the United States for the Western District of North Carolina, on July 21, 1950, a libel of information against the Buick, 1940, four door sedan, numbered as above, and involved in this appeal, alleging among other things that on the 8th day of July, 1950, this automobile, while being driven by its owner, Jerry J. Price, defendant in the libel of information, on the Cherokee Indian Reservation in Swain County, North Carolina, used the said automobile unlawfully in the removal and concealment of intoxicating liquor, and beer, namely, one half gallon of white (non tax paid) liquor, and twenty-four twelve ounce bottles of Red Top Ale (beer). That the taxes upon the whiskey due to the United States had not been paid, all with the intent to defraud the 'government of the United States of the taxes that would be lawfully collected.

Subsequently to the seizure of the automobile, Frank H. Pender, doing business in the City of Asheville, North Carolina, as the Commercial Discount Company, was allowed to intervene and file an answer to the libel of information.

On the cause coming on to be heard before the Court, without a jury, the facts hereinafter set out were found:

Facts:

On October 14, 1949, Jerry J. Price, then a resident of Haywood County, North Carolina, purchased from the W & W Motor Company of Asheville, the 1940 model Buick automobile, being the same automobile set out in the libel of information, and financed the unpaid balance of the purchase price,—the sum of $629.88,—under a conditional sales agreement with said company, payable in twelve equal installments of $52.49, and at the time of the seizure all installments then due had been paid by him.

That in the course of business and in due time and for value received, the conditional sales agreement executed by Price was transferred and assigned by said motor company by endorsement to the petitioner, Frank H. Pender, trading and doing business as above set out, and thereupon became the property of the said Frank H. Pender.

Jerry J. Price is a native of Haywood County, but for some several years prior to the first of July, 1949, had operated a taxi in Marion in McDowell County, but somewhere around, if not before the first of July, 1949, had removed his effects from McDowell County and had returned to his home county of Haywood, and at the time of the purchase of the automobile involved in the libel herein was residing in Haywood County, North Carolina.

Previous to the purchase of the automobile involved in this libel and over a period of some years, the said Jerry J. Price had purchased other automobiles from the W & W Motor Company in Asheville, and that in the usual course of business the conditional sale agreements involved in the purchase of those automobiles had been acquired, and for value, and in due course of business, by the intervenor herein; that prior to acquiring title therein the intervenor in those purchases had made the statutory investigation in Marion and elsewhere with respect to the reputation and record of Jerry J. Price, and personally knew the said Jerry J. Price from previous business dealings.

When the paperwriting evidencing the debt in the purchase price of the automobile against which the libel herein is filed, was offered for sale by the motor company to the petitioner, and prior to its purchase, the claimant personally made inquiry of the office of the Sheriff of Buncombe County, this being the county in which the

claimant would acquire his right under such contract if such purchase was made, and was informed that there was no record in his office against Jerry J. Price and that he had no reputation for violating the laws of the United States or of any state relating to liquor.

That the said Jerry J. Price gave his address when purchasing the automobile as Waynesville, North Carolina, R. F. D. No. 2, and such address is found by the Court to be the place of residence, and where he was actually domiciled on the date of the purchase of the automobile as set out above and was the address to which all notices of payments due were mailed.

After the paperwriting representing the obligation of Price to the motor company was offered to the said Frank H. Pender, and before its acceptance by him, and since he had previously made inquiry in McDowell County in other transactions of a similar nature handled by him, and while talking with Mr. Snipes, the owner of the Snipes Motor Company, an automotive concern of many years standing in Marion, made inquiry of him as to any reputation of Jerry J. Price with whom Mr. Snipes was likewise personally acquainted, and was informed that Price no longer lived there, but that while there had no reputation for dealing in intoxicating liquors.

That no inquiry was made by the intervenor of the Sheriff of Haywood County or the Chief of Police or any other officer in the City of Waynesville, but the Court finds as a fact that if such investigation had been made it would have been made to appear as is shown by the affidavits of Robert V. Welch, Sheriff of Haywood County, and O. L. Nolan, Chief of Police of Waynesville, North Carolina, that the said Jerry J. Price was personally known to each of them, and had been for many years, and that he was a resident of said county and had no record for handling liquor, and no reputation for the same, and that he did not have such on October 14, 1949.

Though the said Jerry J. Price did not live in McDowell County at the time of the purchase of the automobile herein involved, and had not for some four or five months, it does not appear that he had a record in said county or that he had a reputation for violating the internal revenue laws relating to intoxicating liquors, for that the only evidence relating to either or both of the above is the testimony of the Sheriff of said county that he, Jerry J. Price, "had the reputation of just picking up a man and taking him to get a pint of liquor", and that the Sheriff as testifying did not know whether, if such were true, that the whiskey was non tax paid or a taxed product.

We find therefore that Price had no record or reputation for violating laws of the United States or of the State of North Carolina relating to liquor in Buncombe County, the place in which the intervenor acquired his rights under the contract purchase, and that in the County of Haywood where Price resided that an inquiry, if had, would have likewise shown no record or reputation.

It is further found as a fact with respect to the record or the reputation for violating the laws of the United States, etc., relating to liquor, that the said Jerry J. Price was not known personally in that section of North Carolina west of Haywood County by any one offering evidence in the hearing until some time in January, 1950, and that no reputation for violating the internal revenue act in the removal and concealment of intoxicating liquor on which a tax had not been paid, was had by the defendant until some time during the months of January or February, 1950.

It is specifically found by the Court as a fact from the evidence offered in the case that the said Frank H. Pender, trading and doing business as above set out has an interest in the automobile, and that this interest was acquired in good faith; that he had at no time any knowledge or reason to believe that the automobile was being used or would be used in the violation of the laws of the United States or of any state relating to liquor, and that Price had no court record for violating the liquor laws.

Further it is made to appear and the Court finds such as a fact, that there is still due and payable on the conditional sales agreement the sum of $329.49.

The car seized and herein sought to be forfeited has an appraised value of $750.

Upon the foregoing findings of fact, the following conclusions of law are set down by the Court:

That the intervention of the petitioner, Frank H. Pender, trading and doing business as the Commercial Discount Company of Asheville, North Carolina, should be allowed in the sum of $329.49, the amount yet unpaid, and that in the judgment to be handed up there should be set out a sale of the automobile under the libel as condemned, and from the proceeds thereof such amount, together with interest at 6% from the 21st day of July, 1950, should be deducted or remitted, and paid over to the said Frank H. Pender, the intervenor.

Under the Statute 18 U.S.C.A. § 3617, we find that there are three salient factors that are conditions precedent to remission or mitigation. Unquestionably the intervenor has without contradiction successfully met (b) (1) and (b) (2) of the Statute set out above. When we concern ourselves with (b) (3) of this statute to determine whether or not the conditions precedent are met by the intervenor, so that he may be entitled to remission, we find from a careful reading of the statute that one seeking remission under that section is charged with making an inquiry specifically therein if, and only if, the individual such as Price with whom we are dealing, was a "person having a record or reputation for violating the laws of the United States or of any State relating to liquor."

I must find from the evidence offered by the government seeking to effect the libel that Jerry J. Price did not have a reputation for such violations, and am convinced from a careful reading of the record that the two isolated instances could only be such as might be spoken of as against any individual, and that either or both did not measure up to such as would constitute a general reputation and that there was no proof offered of a general reputation as such term is ordinarily used in the trial of an action in a court of law.

Had the claimant made inquiry of enforcement officers in Haywood County or of the Chief of Police of Waynesville, he would have received a negative answer, and the failure to make this inquiry in the county of the residence of Price should not be such as to work a failure on the part of the claimant. City National Bank & Trust Co., Oklahoma City, Okl. v. U. S., 8 Cir., 163 F.2d 820.

As was said by Mr. Justice McReynolds in U. S. v. One 1936 Model Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249, "The section must be liberally construed to carry out the objective. The point to be sought is the intent of the law-making powers. Forfeitures are not favored; they should be enforced only when within both the letter and the spirit of the law." Kinston Auto Finance Company v. U. S., 4 Cir., 182 F.2d 543.

I therefore conclude that the claimant has acted in perfectly good faith; that he has substantially complied with the terms of the remission statute, and that he should accordingly be permitted to recover the amount yet unpaid on the conditional sales agreement executed by the said Jerry J. Price to the W & W Motor Company and assigned by endorsement to the claimant.

Judgment carrying this into effect to be submitted by counsel.