**ONE 1950 MERCURY COUPE, MOTOR NO. 50 SL–83274 M**

v.

**UNITED STATES.**

No. 14744.

United States Court of Appeals, Fifth Circuit.

May 20, 1954.

**134**

Lee B. Agnew, Jackson, Miss., for appellant.

Jesse W. Shanks, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

In this proceeding the United States filed a libel against one 1950 Mercury Coupe which was seized by federal officers while being used in violation of the Internal Revenue Laws, Sections 2803, 3116, 3321, Title 26 U.S.C. Associates Discount Corporation, claiming an interest in the vehicle by virtue of a conditional sales contract which it acquired in good faith, filed its answer and claim for remission of the forfeiture and the delivery of the vehicle to it.

There was a hearing and, at its end, an order forfeiting the automobile to the United States and denying the claim for remission. From this order Associates Discount Corporation appealed to this Court in cause No. 14058 and we reversed the judgment and remanded the cause [1] because our examination of the appeal record in the light of its omissions convinced us that it did not truly reflect the facts.

A new trial was had and the entire transcript of record in cause No. 14058 was made a part of the proceeding by stipulation. It was further stipulated and agreed between the parties that the vehicle in question was being used at the time of its seizure in violation of the Internal Revenue Laws, and that at the time Associates Discount Corporation acquired its interest in said vehicle, the purchaser, Edgar Newman, had a record and both he and the purchaser Marjorie Newman had a reputation with the law enforcement officers of Simpson County, Mississippi, for violation of the liquor laws.

After completion of the trial and upon consideration of the testimony the trial court again ordered that the vehicle be forfeited to the United States and ruled that it was without jurisdiction to grant a remission of the forfeiture to claimant because of its failure to comply with the conditions precedent as required by Section 3617(b) Title 18 U.S.C. From this judgment, Associates Discount Corporation appeals.

1. Associates Discount Corp. v. United States, 5 Cir., 200 F.2d 537.

Section 3617, supra, confers jurisdiction upon the district courts to remit or mitigate forfeitures and prescribes three conditions which must be precedent to any remission. It provides that in any such proceeding the court shall not allow the claim for remission or mitigation unless the claimant proves (1) that he has an interest in the vehicle which he acquired in good faith; (2) that he had no knowledge or reason to believe that it was being or would be used in the violation of laws relating to liquor; and (3) "if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract * * * under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle" that the claimant prove "that, before such claimant acquired his interest, * * * the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract * * *, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." There is no contention here that claimant did not comply with the first and second statutory conditions, therefore, we need only determine whether claimant satisfied the third contention precedent to remission of the forfeiture.

▮▮ To comply with the provisions of subsection (b) (3) of section 3617 the claimant must prove that before it acquired its interest in the forfeited vehicle that it was informed in answer[2] to an inquiry of any one of the designated officers that the owner or purchaser of the vehicle has no record or reputation for violating the liquor laws. If claimant complies with this condition precedent to remission and fulfills the other statutory conditions it is entitled to the benefits of the statute and the district court has the discretionary power to grant relief from the forfeiture.

The evidence showed, and the district judge found: (1) that before it acquired its interest in the vehicle Associates Discount Corporation did make inquiry at the office of the Alcohol Tax Unit as to the record of Marjorie Newman and Edgar Newman and received a negative reply, that there was no record; (2) that no inquiry was made at the Alcohol Tax Unit office or from any of the law enforcement officers named in the statute as to the reputation of Marjorie Newman or of Edgar Newman; (3) that if such inquiry had been made at said office it would have received a reply that Marjorie Newman had no reputation but that Edgar Newman had a reputation; (4) that had claimant inquired of the sheriff's office of Simpson County as to the reputation of Edgar Newman and Marjorie Newman it would have received an answer that Edgar had a record and also a reputation and that Marjorie did not have a reputation for violating the liquor laws of the State but that she had no record; and (5) that Marjorie Newman and Edgar Newman both had a reputation with the local officers of Simpson County for violating the liquor laws of the United States and of the State.

Appellant does not directly attack these findings. It does not contend that its employee Beatty made specific inquiry concerning the Newmans' "record or reputation" for violating the liquor laws. But rather it argues that the inquiry which he made[3] was tantamount thereto

2. See United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639, 642.

3. The witness Beatty testified in part as follows:

"Q. Now, did you ask about the record of Marjorie and Edgar Newman, or did you ask about the record and reputation of each of them? A. I asked to be advised if they had a record.

and should be regarded as a substantial compliance with the statute. Appellant further argues that the court had the authority to remit the forfeiture and that it would be inequitable and unjust to deny a remission herein simply by virtue of the fact that Beatty did not remember his exact phraseology in making his inquiry.

■■ We think it clear that the district court had no authority to remit the forfeiture. It is true that claimant did make inquiry of the Alcohol Tax Unit as to the record of Marjorie and Edgar Newman and that the answer to such inquiry was in the negative. But claimant did not make inquiry concerning the reputation of the Newmans and neither was it informed that they had no such reputation. The courts have repeatedly pointed out that both record and reputation are necessary subjects of inquiry and information [4] and it should now be considered settled that this statute [5] grants to the trial court discretion to refuse or grant remission only when the statutory conditions have been fulfilled. As we said in Murdock Acceptance Corporation v. United States, 5 Cir., 172 F. 2d 552, 553, and may with equal pertinency say in concluding the present discussion:

"The statute [Section 3617(b)] does not contemplate a hypothetical compliance with its terms. The statutory requirements are real, positive, and unequivocal; they must be substantially fulfilled, they are in fact conditions precedent to the remission or mitigation of a forfeiture in this case; and the burden of proving compliance with the condition was upon appellant. The latter failed to meet this burden, and the judgment appealed from is Affirmed."

Finally, appellant complains of the ruling of the trial court upon the admissibility of evidence. It would serve no useful purpose to summarize the evidence which was offered by the appellant and excluded by the trial court. Suffice it to say that the excluded evidence had no relevancy to the issue in the suit and could not affect the final result which the court reached as a trier of the facts.

Appellant, having failed to satisfy the requirements of the statute, the district court was without power to remit the forfeiture, and its judgment denying remission must be and it is Affirmed.

"Q. Did you ask if they had a reputation as dealers in illicit moonshine liquor? A. I don't recall whether I said record or reputation. The majority of the time I said 'record'.

"Q. I asked you that because you testified on direct examination that you did ask if they had a record. You have that on the purchaser's statement: '(3) A.T.U.' and on beyond that another '3' which is 'no record.' So evidently from this statement you asked them about the record? A. Evidently.

"By the court:

"Q. As I understand your testimony, you have no independent recollection of this transaction except as it is refreshed by the memorandum—is that right? A. That is right. I refreshed it by looking at that and that is what recalls it to my mind.

"Q. And that statement is that their answer was that they had no record? A. Yes, sir.

"Q. From that you are now able to testify that you asked if they had a record and you were told that they did not? A. Yes, sir.

"Q. And now, as I understand, your further testimony is that you do not recall whether you asked them if they or either of them had a reputation for handling non-tax-paid liquor, is that right? A. Yes, sir, that is right.

"Q. You just don't remember whether you did or did not? A. I don't remember whether I said, 'Do they have a record or reputation', or if I said, 'Will you let me have their record if they have one.' I expected to get maybe their record and reputation by asking for their record."

4. Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639, 642; United States v. One 1951 Chevrolet, 5 Cir., 212 F.2d 662.

5. 18 U.S.C. 3617(b) (3).