**UNITED STATES of America,
Libellant,**

**v.**

**ONE 1963 FORD 2–DOOR HARDTOP AUTOMOBILE, Serial No. 3N633120290. [Stephenson Finance Company, Inc., Claimant].**

**Civ. A. No. 1196.**

United States District Court
E. D. South Carolina,
Aiken Division.

Oct. 23, 1964.

Terrell L. Glenn, U. S. Dist. Atty.,
George E. Lewis, Asst. U. S. Dist. Atty.,
Columbia, S. C., for libellant.

John W. Foard, Jr., Columbia, S. C.,
for claimant.

SIMONS, District Judge.

The above listed automobile was seized
on the basis of a Libel of Information,
and an Order that Monition and Attach-
ment issue, which order was dated and
filed in this court on July 17, 1963, pur-
suant to the provisions of Sections 7301
and 7302 of the Internal Revenue Code of
1954 as amended.

In its Return to Libel filed with the
court on August 6, 1963, claimant, Ste-

phenson Finance Company, asserted that
it was the good faith owner of a condi-
tional sales contract upon which there
was a current balance due of $2,733.76,
which had originally been executed and
delivered by Mrs. Bessie Lee Burgess to
Joe's Auto Parts on December 19, 1962,
and on that same date, for valuable con-
sideration, assigned to it.   Claimant
asked that the court grant a remission of
the forfeiture, and that the property be
returned to it in satisfaction of its con-
ditional sales contract, or that the ve-
hicle be sold in accordance with law; and
that it be paid the sum of $2,733.76, bal-
ance due on said contract as of that date,
plus interest and attorneys' fees.

Trial of the issues of forfeiture of the
automobile, and the remission of said
forfeiture asked by claimant, was had by
the court without a jury in Aiken, South
Carolina on October 5, 1964.   At the trial
libellant established its right to a forfei-
ture of said automobile by the uncon-
tradicted testimony which clearly estab-
lished that one James S. Burgess, Jr., on
or about May 22, 1963, used said automo-
bile in Aiken County, South Carolina, in
violation of the Internal Revenue Laws
of the United States, in the transporta-
tion, deposit and concealment of certain
raw materials, [to wit: ten one pound
packages of yeast, sugar and meal] being
used or intended to be used for the illicit
manufacture of distilled spirits.

Upon hearing this evidence, the court
thereupon declared a forfeiture of such
automobile.

Thereafter, the claimant introduced
testimony and evidence to substantiate
its request for remission of said forfei-
ture; and then libellant countered with
its testimony and evidence seeking to
sustain the forfeiture of said automobile.

The sole question for determination
now by the court is whether claimant,
under the provisions of Title 18 U.S.C.A.
§ 3617, is entitled to a remission of the
forfeiture of said automobile under the
facts and circumstances of this case.

In its determination of this question, the court has found and concluded the facts and circumstances as follows:

On or about December 19, 1962, Joe's Auto Parts, owned and operated by Joe Holifield of Wagener, South Carolina, purchased subject automobile from Rawls Auto Sales, Inc., of Batesburg, South Carolina for Mrs. Bessie Lee Burgess of Route 1, Box 135, Batesburg, for the sales price of $2,884.00.[1]

On that same date, Mrs. Bessie Lee Burgess executed a conditional sales contract[2] to Joe's Auto Parts covering subject automobile, indicating a cash down payment of $384.00 and a balance due of $3075.48 payable in 36 monthly installments of $85.43 each commencing January 20, 1963. This contract on that date was duly sold, transferred, and assigned by said Joe's Auto Parts to claimant without recourse. The contract and the assignment were executed in claimant's office in Aiken. James S. Burgess, Sr., husband of the purchaser, Mrs. Bessie Lee Burgess, was present at claimant's office on this occasion and paid the down payment for the car in cash. James S. Burgess, Jr., was not present during this transaction, and nothing was said to the claimant's officers and employees present that would put them on notice or indicate to them that James S. Burgess, Jr., had any interest in or would use said automobile.

A credit life insurance policy on Mrs. Burgess' life was written in connection with the conditional sales contract by claimant, with a premium of $90.

Upon the execution of the foregoing instruments, Stephenson Finance Company issued its check in the amount of $2500 payable to Joe's Auto Parts[3] which was duly endorsed over to Rawls Auto Sales and deposited to its account at the South Carolina National Bank in Leesville, S. C.

On the same date claimant dispatched an inquiry by mail as to the record and reputation of Mrs. Bessie Lee Burgess [spouse James] to Supervisor in Charge, Alcohol and Tobacco Tax Unit of Internal Revenue Service, Columbia, South Carolina. Two days later said office forwarded to claimant its Form 2682 entitled "Report of Record and Reputation"[4] advising that Mrs. Burgess had no record of convictions or reputations of liquor violations; however, the report did indicate that "James Socrates Burgess, Jr., Route 1, Box 135, Batesburg, South Carolina; white; male; born 1/11/45" had such a record.

On the same date, James Socrates Burgess, Jr., and Joe Holifield, the seller of subject automobile, went to the office of J. C. Hayes, Jr., insurance agent at Leesville, South Carolina, where the former purchased a collision, fire and theft insurance policy covering said automobile and made a $47 down payment on the premium.[5] He stated to Mr. Hayes that he was the owner of the automobile, gave him the serial number and description of the car, and requested him to write and forward the insurance policy with a loss payable clause to Stephenson Finance Company, Aiken, S. C. As instructed, Mr. Hayes issued Policy #A 01–21477 of National Service Fire Insurance Company, Memphis, Tennessee, showing owner and insured as James S. Burgess, Jr., with loss payable clause in favor of Stephenson Finance Company, Aiken, South Carolina,[6] and routinely mailed copy to claimant. The copy of the policy was received in claimant's Aiken office and was apparently placed in Mrs. Bessie Lee Burgess' loan file by a clerk without its contents being called to the attention of claimant's manager. Mr. Kenneth Johnson, manager of claimant's Aiken office, testified that he did not see or know about this policy until after subject automobile

1. See Government's exhibit 1, Bill of Sale from Rawls Auto Sales, Inc., to Mrs. Bessie Lee Burgess dated 12/19/62.

2. See respondent's exhibit # 1.

3. See respondent's exhibit # 3.

4. See respondent's exhibit # 4.

5. See Government's exhibit # 2.

6. See Government's exhibit # 4.

was seized by the Alcohol Tax unit officers.

Claimant's Aiken Manager and Mrs. Grace Morris, who witnessed Mrs. Burgess' conditional sales contract,[7] both testified that at no time during the negotiation and consummation of purchase of said contract on December 19, 1962, or any time subsequent thereto, did anyone advise them or intimate in any way that said James S. Burgess, Jr., son of Mrs. Bessie Burgess, had any interest in subject automobile or would be using it. This testimony was uncontradicted and was fully substantiated by Mrs. Burgess and her husband. Mrs. Burgess also testified that at the time of the seizure of her automobile she did not know that their son, James S. Burgess, Jr., who lived across the road from their home and was employed at a woolen mill, was engaged in the illicit liquor business.

Subsequent to the seizure of the automobile by the revenue officers, it was appraised by the Government as having a value as of the date of its seizure of $2300, which is substantially less than the balance due on claimant's conditional sales contract. Pursuant to petition of claimant and order of court, the automobile was released to claimant upon its filing a bond with corporate surety in the penal sum of $2300, containing the requisite conditions as required by Section 3617[b] of Title 18 U.S.C.A.

Based upon the foregoing facts claimant strongly urges that it is entitled, under Section 3617[b], supra, to a remission of a forfeiture, inasmuch as it acquired its interest in the automobile in good faith; that at no time did it have any knowledge or reason to believe that it was being or would be used in violation of the Internal Revenue Laws relating to liquor; and that it had made an appropriate inquiry concerning the reputation and record as to illegal liquor violations of Mrs. Bessie Lee Burgess as required by the Internal Revenue Law.

On the other hand the Government strongly contends that James Socrates Burgess, Jr., was the true owner of subject automobile, that claimant knew or should have known that he was such true owner, would be using it, and should have investigated to determine whether or not he had a record or reputation of violating the liquor laws. Its chief contention is that claimant's receipt of a copy of the automobile insurance policy [8] forwarded to claimant soon after its purchase of the conditional sales contract listing James S. Burgess, Jr., as owner and insured, should reasonably have put it on notice that Burgess, Jr., was in fact the true owner; and that the claimant was negligent under the circumstances and was not, in good conscience, entitled to a remission of the forfeiture. Government counsel also contends that certain information contained in customer's statement [9] filed by Mrs. Burgess with claimant on date of transaction should have put it on notice that car was in actuality being purchased for James S. Burgess, Jr., in the name of his mother, since he was a minor and unable to finance it in his own name.

The court cannot agree with the Government's contentions that claimant was negligent and in good conscience ought not to be granted the remission of the forfeiture under the circumstances here. The cases are legion in both trial and appellate courts, which hold that Section 3617 of Title 18, supra, should be liberally construed against forfeiture and in favor of claimant for remission of forfeiture, inasmuch as forfeiture is a drastic remedy and is not favored by the courts. United States v. One 1940 Buick 4-Door Sedan, 92 F.Supp. 13 [D.C.N.C.1950]; United States v. One 1946 Mercury Sedan Automobile, 100 F.Supp. 857 [D.C. Ga.1951], affirmed United States v. Frank Graham Co., 5 Cir., 199 F.2d 499. United States v. One 1955 Model Buick 4 Door Sedan Automobile, 241 F.2d 90 [4th

7. See respondent's exhibit # 1.

8. See Government's exhibit # 4.

9. See respondent's exhibit # 2.

Cir. 1957]; United States v. One 1936 Model Ford V-8 De Luxe Coach etc., 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. Kinston Auto Finance Co. v. United States, 182 F.2d 543 [4th Cir. 1950].

I conclude that: 1] Mrs. Bessie Lee Burgess was the purchaser and true owner of subject automobile; and even if the car was purchased in her name for the use and benefit of her son, James S. Burgess, Jr., as contended by the Government, claimant did not have knowledge of such facts, nor did it have notice of sufficient facts to reasonably require it to make further inquiry of the circumstances; 2] that claimant owned an interest in it by way of the conditional sales contract which it acquired in good faith without knowledge or reason to believe that it would be used in violation of the liquor laws; 3] and that claimant made proper inquiry and determined that conditional buyer [Mrs. Burgess], had no record or reputation for violation of such laws. Therefore claimant has fully met the requirements of Section 3617[b], supra, so as to entitle it to a remission of the forfeiture; 4] that there is still due to claimant upon its contract a sum substantially in excess of the appraised value of said car [$2300] as of the date of its seizure. It is, therefore,

Ordered,

1] That subject automobile, to wit: One 1963 Ford 2-door Hardtop Automobile, Serial No. 3N633120290, be, and the same is hereby forfeited to the United States;

2] That remission of the forfeiture in favor of claimant, Stephenson Finance Company, be, and the same is hereby granted, upon payment by it to the government of the costs of this action, and all costs incurred in the seizure and forfeiture of said automobile;

3] That upon the payment of the costs aforesaid, this action shall be ended, and the bonds heretofore filed by claimant for the costs of this action, and the release of subject vehicle pending final disposition of this cause, be, and they are hereby cancelled.