**UNITED STATES of America,**
**Libelant,**

**v.**

**ONE 1951 OLDSMOBILE, 4-DOOR SEDAN, Serial No. 618A01396.**

**Civ. A. No. 4653.**

United States District Court
D. South Carolina,
Anderson Division.

Jan. 26, 1966.

John C. Williams, U. S. Atty., Greenville, S. C., for the Government.

J. Brantley Phillips, Jr., Greenville, S. C., for General Motors Acceptance Corp.

SIMONS, District Judge.

The government filed its libel seeking adjudication of forfeiture of subject 1961 Oldsmobile, 4-Door Sedan, Serial No. 618A01396, alleging that it was used and intended for use on March 31, 1964, by Billie Alexander Holbrooks, Johnny Boy Everette, and Lucille S. Holbrooks, the owners thereof, in Oconee County, South Carolina, in violation of the Internal Rev-

enue laws of the United States, in the deposit, concealment, and intended transportation of twenty-four gallons of distilled spirits whereon a tax is imposed by the laws of the United States which tax had not been paid, and that said intended transportation was with intent to defraud the United States of the tax due on said distilled spirits. The libel further alleged that on March 31, 1964, subject vehicle was seized by investigators of the Alcohol and Tobacco Tax Unit in Oconee County, South Carolina, pursuant to the provisions of Sections 7301 and 7302 of the Internal Revenue Code of 1954, as amended.

General Motors Acceptance Corporation, as petitioner, alleging an interest in said vehicle by virtue of its ownership of a conditional sales contract originally executed by Mrs. Lucille S. Holbrooks, answered the libel denying such alleged use of the motor vehicle and asked for remission or mitigation of the forfeiture, should the court adjudge the car forfeited.

The libeled vehicle was appraised at a value of $1900.00, and by order of court was released by the Marshal from his custody to petitioner, General Motors Acceptance Corporation, by its posting a cash bond in such amount. By further order of court, a surety bond was substituted for the cash; and petitioner herein seeks release of its surety bond by way of remission or mitigation of the forfeiture.

The case was heard before me, without a jury at Anderson, South Carolina, on November 16, 1965. After hearing government witnesses who clearly established that subject automobile was actually used on the night of March 31, 1964 in violation of the laws of the United States by having concealed and deposited in said car by Billie A. Holbrooks, husband of owner, twenty-four gallons of unstamped distilled spirits, the court declared it forfeited to libelant, pursuant to Title 26, Sections 7301(e) and 7302 of U.S.C.A.[1] The court then proceeded to hear the testimony of the parties relative to petitioner's claim for a remission or mitigation of the forfeiture on basis that it was the *bona fide* holder of a valid first lien over said automobile which it had acquired in good faith and without any knowledge or reason to believe that such vehicle was being or would be used in violation of the state or federal liquor laws; and upon further ground that it is informed and believes that its obligor and the owner of said automobile, Lucille S. Holbrooks, had no record or reputation for dealing in illicit liquor at time petitioner acquired said lien.

Therefore the question to be resolved is whether or not petitioner acquired its valid lien and interest in said vehicle under such circumstances as will entitle it to a remission or mitigation of the ordered forfeiture under conditions precedent as imposed by Title 18, U.S.C.A., § 3617.

1. "§ 7301. *Property subject to tax*
"(e) *Conveyances.*—Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b) may also be seized, and shall be forfeited to the United States."
"§ 7302. *Property used in violation of internal revenue laws*
"It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property. A search warrant may issue as provided in Chapter 205 of Title 18 of the United States Code and the Federal Rules of Criminal Procedure for the seizure of such property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal revenue laws, or of any other law. The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal revenue laws."

From the evidence adduced at the trial, the court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Petitioner acquired a legal interest in the libeled vehicle by its purchase on March 23, 1964 of a conditional sales contract executed between Minyard Motors, Inc., and Lucille S. Holbrooks in the amount of $2,141.40 in the City of Anderson, South Carolina. No payments were made on said contract up to March 31, 1964, the date of seizure. Although there was some conflict in the testimony as to the net balance due, after proper allowance for rebates, I find that the net balance due petitioner as of said date is the sum of $1,806.38, which reflects rebate credits in the total sum of $335.02, consisting of unearned finance charges of $193.00, unearned life and hazard insurance premiums of $14.36 and $127.66 respectively.

Lucille S. Holbrooks resides now, and at the time she acquired the car, in the County of Oconee, outside the town limits of Westminster. She purchased subject automobile from Minyard Motors, Inc., in the City and County of Anderson. She had a valid legal title to said car when it was seized on March 31, 1964. Her husband, Billie A. Holbrooks, owned no legal or equitable interest in the same.

Petitioner conceded at the trial, and I find, that before acquiring its interest by way of lien in the libeled vehicle on March 23, 1964, it did not make any inquiry with any of the enumerated law enforcement agencies concerning the record or reputation of Lucille S. Holbrooks as it relates to the illicit liquor business, as required by Title 18, U.S.C.A. 3617(b). Such inquiries were made subsequent to the seizure of said vehicle to the Sheriff of Anderson County, and to the Chief of Police of the City of Anderson, where the vehicle was purchased; and to the Sheriff of Oconee County in which Lucille S. Holbrooks lived at the time she bought the car, and to the Chief of Police of the Town of Westminster which is near her home in Oconee County. All of these belated inquiries were made with negative results as to any record or reputation of said Lucille S. Holbrooks for violating the state or federal liquor laws.

At the time petitioner purchased its interest in subject Oldsmobile the obligor, Mrs. Holbrooks, had no record for violating the liquor law in either Anderson or Oconee Counties; and if timely inquiries had been made as to her reputation in that regard in said counties, pursuant to Section 3617(b), supra, the answers would have been that she had no such reputation.[2] Petitioner acquired its interest in good faith, and had no knowledge or reason to believe that the automobile would be used in violation of the laws of the United States or any state relating to liquor.

On March 23, 1964 [date petitioner acquired its lien on subject car] and prior thereto, Billie A. Holbrooks, husband of Lucille S. Holbrooks, had a record and reputation for violating the liquor law in Oconee County where he and his wife lived as husband and wife.

On or about March 31, 1964, Billie A. Holbrooks possessed, intended to use, and used subject automobile in violation of the internal revenue laws of the United States, by depositing, concealing, and intending to transport therein, twenty-four gallons of illegal liquor, with intent to defraud the United States of the tax due thereon. His use of the car was with the actual or constructive consent of his wife. He was arrested on said occasion by federal agents for such acts.

2. See petitioner's exhibits "C" through "I" inclusive: affidavits of W. J. Erskine, Sheriff of Anderson County; W. I. Burden, Chief of Police of City of Anderson; D. H. Crenshaw, Sheriff of Oconee County; Rae Cain, Chief of Police of Town of Westminster; and certificate of no record or reputation as to Lucille S. Holbrooks by Felicia S. Henry, Clerk in Office of Sheriff of Oconee County who was charged with responsibility of answering such inquiries.

Lucille S. Holbrooks was not arrested or prosecuted for such violation.

At the trial there was a sharp conflict in the testimony between libelant's and petitioner's witnesses on the crucial question as to whether Lucille S. Holbrooks had a "reputation" in Oconee County for violation of the liquor laws. Therein lies the area of most concern to the court in arriving at its decision in this case. On petitioner's side, former Sheriff D. H. Crenshaw of Oconee County, who was in office at the times pertinent to this controversy, testified unequivocally that Mrs. Holbrooks had no reputation for bootleg whiskey. He also testified that his secretary, Felicia S. Henry, was responsible for answering inquiries about such reputations or records directed to his office.

On libelant's side, Chief of Police Rae Cain of Town of Westminster, who for many years had served as a deputy sheriff in Oconee County and who had theretofore on June 16, 1964 executed an affidavit at petitioner's request that Mrs. Holbrooks "had neither a record nor reputation for dealing in illicit liquor or violation of the liquor laws until March 31, 1964, inside the city limits of Westminster, S. C.",[3] testified that Mrs. Holbrooks and her husband had reputations for dealing in bootleg liquor prior to March 23, 1964, based primarily upon complaints he had received while serving as deputy sheriff. Also C. L. Smith, Chief Deputy Sheriff of Oconee County who also served in that capacity under Sheriff Crenshaw, testified that he had received several complaints that "Billie and Lucille [Holbrooks] were selling whiskey, and that they both had a reputation in the community for being in the 'liquor business.'"

■■ Reputation in the community is what neighbors and residents in the area think about you generally and should not be based primarily upon opinions of law enforcement officers. Husband and wife deserve and are entitled to separate and distinct "reputations", and the guilt of one should not besmirch or taint the other unless the facts fully justify that conclusion.

■ In view of such conflicting testimony as to Mrs. Holbrooks' "reputation", and since the testimony of libelant's witnesses Cain and Smith was not predicated upon a proper foundation [i. e. what people in the community generally said about her, but rather upon limited complaints to them as law enforcement officers], I find that on and before March 23, 1964, Mrs. Holbrooks did not have a "reputation" for engaging in the illicit liquor business, as that term was used in Section 3617(b) (3), infra.

## CONCLUSIONS OF LAW

I. The court has jurisdiction of the parties and subject matter of this action; that the libeled automobile is declared forfeited to libelant pursuant to the provisions of Title 26, U.S.C.A., §§ 7301(e) and 7302, supra. The court also has jurisdiction to remit or mitigate said forfeiture pursuant to the authority contained in Title 18, U.S.C.A., § 3617(a).[4]

■ II. Petitioner's right to a remission or mitigation of said forfeiture must be determined pursuant to Section 3617(b) of Title 18, U.S.C.A. entitled "Conditions precedent to remission or mitigation", which provides as follows:

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any

3. See petitioner's Exhibit "G".

4. Section 3617(a) of Title 18, U.S.C.A., entitled "Jurisdiction of court", provides as follows:
"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture."

knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

The foregoing statute vests the discriminatory power of remission in this court which it may exercise only upon a showing that all conditions precedent as set forth therein have been fully complied with. Universal Credit Co. v. United States, 111 F.2d 764 [4th Cir. 1940]; United States v. One Hudson Coupe, 110 F.2d 300 [4th Cir. 1940]. The granting of relief under said statute is not a matter of equity, the conditions precedent must be fully complied with and substantially fulfilled, and the court has no power to relax the express requirements set forth in the statute. United States v. One Hudson Coupe, supra; One 1950 Mercury Coupe v. United States, 213 F.2d 133 [5th Cir. 1954]. A claimant is not entitled to a remission or mitigation of a forfeiture as a matter of right, even though all of the statutory conditions are met; and the final determination rests within the sound discretion of the district court. Title 18, U.S.C.A., § 3617(d); United States v. One 1936 Model Ford V-8 De Luxe Coach, 93 F.2d 771 [4th Cir. 1938], aff'd by per curiam order in 305 U.S. 564, 59 S.Ct. 99, 83 L.Ed. 355, and reaffirmed by the Supreme Court after a rehearing in 307 U.S. 219, at page 226, 59 S.Ct. 861, at page 865, 83 L.Ed. 1249 [1939], wherein the Court stated:

"Manifestly, section 204 [now section 3617] is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. Its primary purpose is not to protect the revenues; but this is proper matter for consideration whenever remission is sought. The section must be liberally construed to carry out the objective. The point to be sought is the intent of the law-making powers. Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law. Farmers' & M. National Bank v. Dearing, 91 U.S. 29, 33–35, 23 L.Ed. 196. If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application."

III. Inasmuch as the court has found, as set forth hereinabove, that petitioner has a valid interest by way of lien over subject automobile which it acquired in good faith, and further, that petitioner at no time had any knowledge or reason to believe that said automobile was being or would be used in violation of the liquor laws, it has fully complied with subsections (b) (1) and (2) of Section 3617, U.S.C.A., supra, as a matter of law.

IV. Inasmuch as petitioner conceded at the trial and the court has found that petitioner did not in fact make any of

the inquiries of the federal, state or local law enforcement agencies at the time of or prior to its acquiring its said interest in said automobile as required by subsection (b) (3) of said Section 3617, supra, the court must now determine and conclude whether such failure will defeat petitioner's claim for a remission or mitigation of forfeiture.

Under the factual determinations hereinabove set forth, Mrs. Holbrooks, the owner of said automobile from whom petitioner acquired its interest on or about March 23, 1964, did not have a record or reputation in her home community or in the locality in which petitioner acquired its interest by way of conditional sales agreement in said automobile; and if petitioner had made timely inquiries of the law enforcement agencies in said places the answers thereto would have been negative as to both record and reputation for her violation of the liquor laws.

■ V. The burden of proof is upon the government to establish by a preponderance of the evidence that Mrs. Holbrooks had a "reputation", as defined in United States v. North Carolina National Bank, 336 F.2d 248 [4th Cir. 1964],[5] for violating the liquor law; and unless the government carries its burden in this regard, petitioner is not necessarily defeated in its claim for a remission or mitigation of the forfeiture by the fact that it did not make the timely inquiries required by Section 3617(b) (3). In North Carolina National Bank, supra, Judge Craven, speaking for the Fourth Circuit, had this to say:

"The owner of the Pontiac had no previous convictions for violation of the liquor laws. Did he have a repu-

tation for violating the liquor laws? The burden of proof is on the United States to show that he had such a reputation, and unless such reputation is established, there has been no such default on the part of the Bank as to preclude remission of the forfeiture. The only evidence with respect to reputation was elicited from an Alcohol and Tobacco Tax Unit officer of the Treasury Department who said that he had investigated the reputation of William Worth Eaves in *Chatham* County and that he knew his reputation from back to 1959 until he left Chatham County in the latter part of 1960."

From the evidence in this case the court concludes that the government has failed in its burden of proof to establish that Mrs. Holbrooks had a "reputation" for violating the liquor law.

■ Surely Section 3617, supra, does not require a claimant asking remission of forfeiture to do a useless thing. Inasmuch as inquiries as required by subsection (b) (3) of the statute, if timely made by petitioner, would have in fact resulted in negative answers as to Mrs. Holbrooks' record and reputation for illegal liquor activity, petitioner should not be denied its claim for remission of forfeiture on the basis that it failed to make the requisite timely inquiries. The duty of petitioner in this case to make the statutory inquiries as to Mrs. Holbrooks' record and reputation is relieved by the absence of such record and reputation with any of the law enforcement agencies in the localities where she resided, where she purchased the automobile, and where petitioner acquired its

---

5. In this case the Fourth Circuit approved Judge Learned Hand's definition of "reputation" when at page 253 it stated:
"In United States v. C. I. T. Corporation, 93 F.2d 469, 471 (2d Cir. 1937), the late Judge Learned Hand said that the statute means 'reputation in the usual sense, a prevalent or common belief, a general name, the opinion of a number of persons, a more or less ex-

tended and public attribution of the crime, likely to be spread about so as to reach the seller.' In that case, some of the officials had for long suspected the owner of breaking the liquor law. The Second Circuit held that the knowledge of those charged with the duty of prosecuting the owner and their suspicion did not give him the reputation of doing so."

lien. United States v. One 1940 Buick 4-Door Sedan, 92 F.Supp. 13, [W.D.N.C. 1950]; United States v. One 1950 Model Buick, 137 F.Supp. 643 [M.D.N.C.1955]; United States v. One 1955 De Soto, 157 F.Supp. 144 [D.C.N.C.1957]; and United States v. One 1939 De Soto, 119 F.2d 516 at page 519 [10th Cir. 1941], wherein the court held:

"The law does not require one to do a useless thing. Therefore, if, in the instant case, the claimant failed to make inquiry of one of the several officers mentioned in the act, and a forfeiture was had and a mitigation sought, and the government failed to prove that inquiry from any of the officers mentioned in the act would have revealed a 'record or reputation,' the claimant would be entitled to mitigation or remission because further inquiry would not have revealed any record or reputation. In that event, the claimant would have taken the risk but averted the penalty imposed because compliance would have been useless."

VI. Even though Mrs. Holbrooks' husband, Billie A. Holbrooks with whom she resided, had a record for violating the liquor laws there is nothing in the record to establish that the husband had any legal or equitable interest in the automobile; neither was there any circumstances revealed by the evidence that would impugn the petitioner's good faith acquisition of its interest in the automobile. There was no showing that petitioner was in any way negligent, or that in good conscience it ought to be denied its claim for remission of forfeiture based upon the husband's record or reputation. There was no duty upon petitioner to make inquiry concerning Mrs. Holbrooks' husband or any one else besides the owner of the mortgaged car. United States v. One 1936 Ford, supra; General Finance and Thrift Corp. v. United States, 226 F.2d 735 [5th Cir. 1955]; United States v. One Studebaker Coupe, 39 F.Supp. 250 [D.C.Va. 1941]; Peoples Bank and Trust Company v. United States, 332 F.2d 597 [5th Cir. 1964]. The latter case involved a factual situation somewhat analogous to the facts in our case. In permitting a remission or mitigation of the forfeiture there the court said:

"In the commercial world where numerous loans are made by banks on automobiles * * * it is unrealistic to hold, under the facts and in the circumstances·in this case, that the purchase of an automobile by a married woman imposes upon the lending institution the duty to investigate the possibility that her husband may use such vehicle in the illicit liquor business."

VII. Forfeitures are not favored and they should be enforced only when within both "letter and spirit of the law". United States v. One 1936 Model Ford V-8 De Luxe Coach, supra.

In accordance with the foregoing findings of fact and conclusions of law, it is hereby

Ordered that petitioner's claim for remission or mitigation of the forfeiture of subject automobile be, and the same hereby is, allowed; it is further

Ordered that upon payment by petitioner of all expenses incident to the seizure and forfeiture incurred by the United States; and upon payment to the United States of the difference between $1,806.36 which represents the net balance due petitioner on its lien over subject automobile, and the $1,900.00 appraised value of said vehicle, the bond filed with the Clerk of this court by petitioner as principal and Firemen's Fund Insurance Company as surety be, and the same hereby is, canceled. The Clerk is directed to return said bond to petitioner.

And it is so ordered.