**UNITED STATES of America, Plaintiff,**

v.

**James Lee SMITH, Defendant.**

**No. C 80–28.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Sept. 16, 1980.

Judith A. Whetstine, Asst. U. S. Atty., Cedar Rapids, Iowa, for plaintiff.

Paul Greenfield, New York City, for defendant.

McMANUS, Chief Judge.

This matter is before the court on defendant's motion to dismiss for failure to state a claim or, alternatively, for summary judgment, filed May 2, 1980, and plaintiff's resistances thereto filed May 12 and 13, 1980, the latter of which incorporates plaintiff's cross–motion for summary judgment. Defendant's motion for summary judgment granted.

This action is an action for declaratory judgment involving a sum of money in plaintiff's possession. Before proceeding to resolve the motions now before the court, it is necessary to relate the facts that form the background to this action, all of which are undisputed.

This suit arises out of defendant's 1976 arrest for and subsequent conviction of the violation of federal drug laws. In July of 1976, defendant was contacted by an agent of the Drug Enforcement Agency (DEA), an instrument of the federal government, on a tip that defendant would be interested in purchasing a quantity of hashish. In response to this inquiry, defendant indicated that he was indeed interested in purchasing the hash and would do so for $39,-000.00, $25,000.00 of which he had immediately available to him and the balance of which he would provide at a later time.

The arrangements were made and several days later defendant and a different DEA agent, agent Overbaugh, met to consummate the deal. The meeting took place in a Des Moines hotel parking lot. After first determining how the exchange would take place, defendant got into agent Overbaugh's car to "test" the hash and Overbaugh got into defendant's car to count the $25,000.00. It was shortly thereafter that agent Overbaugh, with the assistance of other law enforcement personnel, arrested defendant and seized his car and other personal belongings, the hashish, and the $25,-000.00.

Defendant was charged with and, on his guilty plea, convicted of various drug offenses. He was sentenced to a prison term of four years, which he has served, and fined $2,500.00, which he has paid.

During the course of his criminal proceeding, defendant moved the court for the return of his automobile and the $25,-000.00.[1] Although the record in the criminal proceeding does not indicate whether this motion was ever ruled on, it does indicate that the automobile was retained by the government pursuant to statutory forfeiture procedures. The $25,000.00 was also retained, although forfeiture proceedings

---

1. The motion also involved $200.00 that was seized from his wallet. It is not clear what became of this money and the present action does not involve it.

apparently have never been instituted by the government with regard to this money. Instead, the government commenced this declaratory judgment action seeking a judicial determination that it is entitled to retain this money as its own property and that defendant is barred from recovering this money in any legal action.

Plaintiff's theory is that defendant is barred from any legal recovery of the money because it was paid to plaintiff pursuant to an oral contract that was illegal in its purpose. Defendant challenges plaintiff's claim that he is barred from suing for the money, but the thrust of his argument is that plaintiff's retention of the money is contrary to legislative intent in that the forfeiture statutes were not amended to include such property until after his arrest and conviction, and contrary to public policy in that he has already paid his debt to society. The return of the money, defendant argues, would not amount to enforcing an illegal contract. Rather, it would prevent the imposition of an unauthorized fine. For its part, plaintiff acknowledges that there is no forfeiture statute that authorizes it to retain defendant's money.

Both parties have moved for summary judgment. Summary judgment should not be entered unless the pleadings, depositions, answers to interrogatories, and admissions show that there is no genuine issue as to any material fact. FRCP 56(c); *see Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). It is an extreme remedy, not to be entered unless the moving party has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. *Equal Employment Opportunity Comm. v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978). In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The material facts in this case being undisputed, this action is ripe for summary judgment.

The legal issue before the court is whether plaintiff or defendant is entitled to the $25,000.00 obtained from the defendant at the time of his arrest. Plaintiff has advanced a novel argument–that the money was paid to a DEA agent pursuant to an illegal contract and is therefore unrecoverable–supported primarily by cases decided under principles of contract law.

While novel, this argument is not persuasive. First of all, the court is not convinced that plaintiff acquired the $25,000.00 as "payment" for the hashish. Rather, the facts indicate that plaintiff's right to possession of the money was conditioned on the hash satisfactorily passing the test conducted by defendant while in agent Overbaugh's car. Likewise, defendant's right to retain the hash was conditioned on the satisfaction of Overbaugh that the entire $25,000.00 was in the brief case presented to him by defendant.

■ It is the court's view of the facts in this case that the money obtained from defendant was acquired via seizure, no doubt with an eye towards using it as evidence in defendant's trial. The general rule with regard to property seized as evidence is that it should be returned to its rightful owner once the criminal proceeding is over. *E. g., United States v. Premises Known As 608 Tayler Avenue*, 584 F.2d 1297 (3d Cir. 1978); *United States v. LaFatch*, 565 F.2d 81 (6th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978); *United States v. Wilson*, 540 F.2d 1100 (D.C. Cir. 1976); *Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973). Indeed, the continued retention of such property may constitute a taking without just compensation in derogation of the Constitution. *United States v. Premises Known As 608 Tayler Avenue*, 584 F.2d 1287 (3d Cir. 1978); *see Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973).

■ An exception to this rule is where the property is subject to forfeiture. Forfeiture, a creature of statute, has been described as a quasi–criminal penalty for the

commission of an offense against the law. *See United States v. U. S. Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Because legal policy is opposed to forfeitures, *Howard v. Federal Crop Ins. Corp.*, 540 F.2d 695 (4th Cir. 1976), forfeiture should be enforced only when it is consistent with both the letter and spirit of the law. *United States v. One 1961 Oldsmobile, 4–Door Sedan*, 250 F.Supp. 969 (D.S.C.1966); *see United States v. One 1970 Buick Riviera*, 374 F.Supp. 277 (D.Minn. 1973).

■ At the time of the criminal offense and seizure that gave rise to this case there was no forfeiture statute addressed to property such as that seized here, a fact conceded by plaintiff. In the absence of such a statute, defendant is entitled, under the court's view of the facts, to the return of the $25,000.00. This result is consistent with *United States v. Ortega*, 450 F.Supp. 211 (S.D.N.Y.1978), the only federal case on point. There, the defendant was arrested and convicted of violating federal drug laws. In a motion brought after his conviction, the defendant sought the return of $13,200.00, $10,000.00 of which constituted the proceeds from the drug transaction that gave rise to his arrest and conviction, seized at the time of his arrest. With regard to the $10,000.00, the court ordered that it be returned to the defendant, noting that the forfeiture statute, 21 U.S.C. § 881, had not yet been amended to include that kind of property.

■ Even assuming that plaintiff's acquisition of the $25,000.00 in this case occurred "pursuant to contract" as it argues, and not pursuant to seizure, the court still holds that the money must be returned to defendant, notwithstanding the general validity of the cases cited by plaintiff. Although aware of no cases on point, it is the court's opinion that the forfeiture statutes provide the only method by which the government may retain property acquired in the course of its efforts to prevent crime. Where, as here, government agents come into possession of another's property as the result of their active solicitation of and participation in illegal activities, the court will not sanction what as a practical matter amounts to a forfeiture when that forfeiture is not authorized by statute. *Cf. Howard v. Federal Crop Ins. Corp.*, 540 F.2d 695 (4th Cir. 1976) (general legal policy opposed to forfeiture); *United States v. One 1970 Buick Riviera*, 374 F.Supp. 277 (D.Minn. 1973) (forfeiture subject to careful scrutiny by courts); *United States v. One 1961 Oldsmobile, 4–Door Sedan*, 250 F.Supp. 969 (D.S. C.1966) (forfeiture enforced only where consistent with both letter and spirit of law).

It is therefore

ORDERED

Defendant's motion for summary judgment granted; all other motions denied. Defendant shall have judgment against plaintiff for $25,000.00 with interest from date of conviction.